Elihu Granger, Appellant, *v.* The Board of Trustees of the Illinois and Michigan Canal, Appellees.

#### APPEAL FROM COOK.

The trustees of the Illinois and Michigan Canal were authorized, under the law, as existing A. D. 1845, to lease lands and lots, and such leasing approved as a judicious management of the trust reposed in them.

The provisions of the law, allowing double rent for holding over, applies to the trustees as well as to other landlords.

This was an action on a lease, made by the trustees of canal to Granger, in September, A. D. 1845. The defendant below filed the general issue and a special plea, alleging that during the pendency of this action the trustees consented, that if Granger would withdraw his defense to an action of ejectment then pending against him on the part of the trustees, to reserve the same lots named in the lease, that Granger should be discharged from the rent, which was done, etc. Upon this plea there was an answer and issue to the country.

There was a trial by jury, and a verdict for the trustees, and upon judgment thereon, Granger prayed this appeal.

There was a motion in arrest of judgment, which was overruled.

Wilkinson and McGilvra, for Appellant.

I. N. Arnold, for Appellees.

Scates, C. J. Had the defendants power to lease any portion of the canal lands or lots in 1845 ? and if so, does the provision for double rent in 2d Section of Act in Relation to Landlord and Tenant (Rev. Stat. p. 333), apply to a holding over under such lease? We answer both propositions affirmatively.

The court do not advert to a want of such power in the former case between these parties (13 Ill. R. 740); and the question does not appear to have been raised in that case.

As the evidence is not preserved in the record, we must sustain this judgment, if in any case such a power might exist, though qualified and confined to particular lands or lots. For we must presume in favor of the judgment, that sufficient proof was offered to sustain the allegations, if they authorize the judgment rendered, upon being proved. As early as 1839 power was given the canal commissioners, to sell or lease water lots, with the water power. 1 Purpl. Stat. 447, Sec. 156, and again in 1843, p. 471.

The same powers possessed by the commissions were conferred upon the defendants. See Act 1843, 1 Purp. Stat. 463, and p. 475 Act of 1845.

By the act of 1843, the power of the trustees to sell was suspended until the completion of the canal, but this suspension was modified by the act of 1847, and after completion they were, by the last act, authorized to withhold such portions of timbered lands, or lands containing stone quarries and coal beds, from sale, as in their opinion would best promote the interests of the state and the creditors. Id. 479, Sec. 314–317.

Again, the power to lease water lots and water power in Ottawa, is expressly given to the trustees. Id. p. 486, Sec. 352 to 354 inclusive.

Where the whole title and power of the state, to and over these lands, has been so fully and amply conveyed to defendants, to be managed and sold for the benefit of the state and her creditors, we feel that it is too narrow and limited a view of the *powers* of defendants, as such trustees, even in the exercise of a trust, to say that the lands and lots, whether improved or not, are to be idle, unproductive and deteriorating, for a want of power to lease, until sold.

We do not feel driven from sustaining the exercise of such a beneficial and reasonable power, by the supposition of extreme cases of abuse. A lease of the whole property for ninety-nine or a thousand years, instead of a sale of the fee, might be so flagrant an abuse of the powers of the trust, as to make the transaction void for fraud..

Yet, while this might be so, a lease, under which the lands or lots might be improved in value, or improvements preserved in repair, and income in rents received from the property, until it was judicious to offer the particular tract or lot for sale, it would not only be judicious to make, but it would become the duty of the trustees to make. And it might be made a just subject of complaint against them, were they to neglect opportunities thus to render the lands and lots productive. This power must result from the full ownership in the trustees, notwithstanding it is held in trust for sale to pay

debts. We cannot indulge in the supposition, without proof of the fact, that leases are made to prevent the faithful execution of the objects of the trust, but on the contrary, to carry them into execution. It will be time enough to correct a case of abuse, when shown; this does not arise or appear, from the mere act of leasing other tracts than the water lots, so expressly named. The object of expressly authorizing the leasing of these, was in restraint of the power of sale of the fee, rather than to confer authority to make a lease. It was not the intention of the legislature to sell the fee of water lots, with the perpetual use of the water.

Neither was the intention to offer all the canal lands and lots at one time. See act 1847, 1 Purp. Stat. 479, Sec. 316, which limits the quantity in any one city, town or township, to one-tenth part, and no part was to be sold before October, 1847. Since the completion of the canal, portions only, from time to time, have been placed in market at a time and sold. Leasing the remainder, in the meantime, until judicious to offer it for sale, was within the power of the trustees, and was a judicious management of the fund, for the common benefit of both the state and her creditors.

The trustees having the right and power to become landlord by leasing, there is, and can be, no reason why the provisions for double rent for holding over after the expiration of the lease, and demand made, and notice in writing given, for delivery of the possession, should not apply to them as well as any other landlord. The provision is for protection of, and compensation to landlords, who are kept out of their possession. The reason of the rule given is as applicable to these defendants, and the interests they represent and protect, as to any others.

*Judgment affirmed.*