JOHN L. DIEDERICH

*v.*

LOUIS W. ROSE *et al.*

*Opinion filed October 23, 1907.*

1. OFFICERS—*parties must look to statute for grant of power.* Statutes delegating powers to public officers must be strictly construed, and all parties interested must look to the statute for the grant of power.

2. CANALS—*under the act of 1891 the canal commissioners had power only to lease land.* Under the act of 1891, giving the commissioners of the Illinois and Michigan canal power to lease canal lands for a period not exceeding twenty years, such commissioners had no power to insert in a lease a provision that if the land was not re-let to the same lessee the new lessee should be required to

pay the old lessee for improvements, and such provision docs not create an equitable lien upon the land.

3. LIENS—*when lease does not create an equitable lien.* A provision in a lease of canal lands that if the lands were not re-let to the same lessee the new lessee should be required to take the buildings and improvements from the old lessee at an appraised value, cannot be construed as giving an equitable lien on the lands for the value of the improvements as against a subsequent purchaser of the lands to whom the canal commissioners sold the same under a subsequent statute conferring such power upon them.

4. LANDLORD AND TENANT—*a tenant's right to be paid for improvements rests wholly in contract.* The right of a tenant to receive payment from a landlord for improvements placed upon the premises during the demised term arises from no right or duty growing out of the relation of landlord and tenant, but rests wholly in and is governed by the contract of the parties, which will not be extended by the courts to embrace matters not included therein.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

The appellant filed a bill in the superior court of Cook county January 22, 1906, representing that for several years he had leased a certain piece of land in Chicago from the board of canal commissioners of Illinois and had improved and built certain structures thereon; that in the latter part of 1895 he agreed with the canal commissioners to take a new lease for ten years; that the lease was signed March 7, 1896, whereby the canal commissioners leased to appellant for the period of ten years from November 23, 1895, said land for $600 per annum, to be paid semi-annually in advance; that one of the provisions of the lease read as follows: "It is expressly understood and agreed that at the expiration of this lease, if the party of the second part should be unsuccessful in obtaining a renewal of the same, that the party or parties to whom the canal commissioners may lease said premises shall be required to purchase and pay for the buildings or structures owned by said second party and situate

on said lot at an appraisal to be made by three judicious, disinterested freeholders,—one to be chosen by the canal commissioners or authorized agent, one by said party of the second part, and the third appraiser to be selected by the two thus chosen." The bill represents that appellant made further improvements and erected other buildings on the land after signing the new lease, thus raising the rental value; that appellant became the owner of such buildings and improvements and had a right to payment for same, and that his interest became, in equity, a charge and lien on the premises; that appellant, in making expenditures for the improvements, was obliged to borrow money and give writings to secure the same; that Annie Brown, who had advanced money to redeem the premises for appellant, to secure herself purchased a certificate of sale made by a master in chancery, and on March 22, 1904, obtained from the master a deed conveying to her appellant's interest in the land and the leasehold interest, together with the buildings and improvements, which deed was recorded, but that, in fact, such instruments and deed were only a security for $2200 due her from appellant. The bill further represents that on April 21, 1899, the General Assembly passed an act authorizing the canal commissioners to sell and convey certain lands, including the land leased to appellant; that about April 20, 1904, the canal commissioners conveyed said land to Emma Harmeyer subject to the lease of the appellant, which deed was recorded, the consideration being $11,100; that the land could not have been sold for that amount except for its earning capacity due to the improvements made by the appellant; that about June 8, 1904, said Emma Harmeyer received from Annie Brown the sum of $300, paid on appellant's behalf, and that Emma Harmeyer knew, or might have known with reasonable diligence, prior to her purchase, the appellant's interest in the premises; that on October 19, 1904, said Emma Harmeyer deeded the premises to Louis W. Rose, the deed reciting a consideration

of $16,000, and the deed was recorded; that on or about November 23, 1904, said Rose claimed to appellant to be entitled to the rent reserved in the lease from the canal commissioners to appellant, and about the same time Rose received from Annie Brown rent for the premises for the six months from November 23, 1904; that Rose knew of appellant's interests or might with reasonable diligence have learned them; that Rose set about to carry out a scheme to oust appellant and to induce the tenants to pay rent to him instead of appellant, pretending he had acquired all the interests of appellant and Annie Brown in the premises except a mere right of possession until November 23, 1905; that appellant and Annie Brown gave Rose notice, on November 18, 1905, of their interests and demanded the full, fair value for the buildings and structures on said land, as provided by the lease, notifying the canal commissioners to the same effect, the canal commissioners replying that all the State's interests had been conveyed to said Emma Harmeyer subject to the lease, and that neither the State nor the commissioners had any interest in the premises; that Rose paid no attention to the notice, but took and remained in exclusive possession of the premises and collected the rents. It is further represented that about November 11, 1904, Rose and his wife made a trust deed to Edwin G. Foreman, reciting an indebtedness of Rose to the legal holders of certain promissory notes aggregating $82,000, which trust deed conveyed the premises described in the lease, along with other property, and was recorded. Appellant claims that his right to payment for the buildings erected on said premises by him is prior to the rights of Foreman; that Rose is insolvent, and that appellant will suffer great loss if Rose is permitted to continue receiving the rents and profits; that Rose threatened to tear down some of the structures erected by the appellant; asks for a receiver for the premises and an injunction against Rose; that Rose be decreed to hold the premises for the benefit of appellant, and

subject to the charge for the full value of all buildings, structures and improvements made by appellant.

Louis W. Rose, Flora Rose and Edwin G. Foreman filed their several demurrers to the bill, on the ground that appellant had not made such a case as entitled him in a court of equity to relief. On a hearing in the superior court the demurrers were sustained and the bill dismissed for want of equity. Appellant elected to stand by his bill, and on its dismissal appealed to the Appellate Court, where the decree of the superior court was affirmed, and an appeal is now prayed to this court.

COBURN & CASE, and ALEXANDER S. BRADLEY, for appellant.

JESSE LOWENHAUPT, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

At the time this lease was made the canal commissioners had no power to sell land in Chicago. Previous to 1874 they had both power of sale and of giving leases practically unlimited as to time. (*Granger* v. *Board of Trustees,* 18 Ill. 443; *Sanitary District of Chicago* v. *Adam,* 179 id. 406.) From 1874 to 1891 the law allowed them to lease land for a maximum term of ten years. From 1891 to 1899 the law permitted them to lease the lands for not more than twenty years, and in the last named year an amendment gave the canal commissioners power of sale of canal lands in Chicago, the same as they had with other canal lands in the State. This lease was made March 7, 1896, when the canal commissioners only had power to lease the land not exceeding twenty years. Appellant contends that at that date the board not only had the power to lease the lands for the length of the term provided in the lease, but also to provide for a renewal of the lease on the terms and conditions, as to improvements, set forth in said provision of

the lease, and while the appellant could not claim a lien as against the State or the canal commissioners, yet the board did have power to bind·their assigns. Appellees insist that neither of these contentions is in accordance with the law.

It appears that the land was not re-let, but, the law having been changed in the meantime, it was sold in April, 1904, subject to the lease of appellant, and it is contended by him that it was purchased subject to the charge of an implied lien in his favor as to the improvements. If the commissioners had the power not only to lease for twenty years but to encumber the land with a lien for improvements, then substantially they would have, indirectly, the power of sale and a conveyance to enforce the lien, which the legislature never intended to give them. Statutes delegating powers to public officers must be strictly construed, and all parties interested must look to the statute for the grant of power. (2 Lewis' Sutherland on Statutory Construction,—2d ed.—sec. 562; *Illinois and Michigan Canal* v. *Calhoun,* 1 Scam. 521; *State of Illinois* v. *Delafield,* 8 Paige's Ch. 526; 26 Am, & Eng. Ency. of Law,—2d ed.— p. 665, and authorities there cited.) Under the act of 1836 this court held that the canal commissioners had no authority to annex other conditions or terms than those provided in the act. When the language is clear and admits of but one meaning there is no room for construction. Courts cannot change the clear meaning of words used, even though the consequences appear not to be such as were contemplated. (*St. Louis and Cairo Railroad Co.* v. *Postal Telegraph Co.* 173 Ill. ·508; 26 Am. & Eng. Ency. of Law,—2d ed.— p. 598, and cases there cited.) We are of the opinion that the canal commissioners had no power to provide, as they did in this lease, that if the premises should not be re-let to appellant then the new tenant should be required to take the improvements at an appraised value.

Appellant contends that even though this be the law, still he is entitled to an equitable lien as against the purchasers.

The provision of the lease in question refers to subsequent lessees and says nothing as to purchasers. Courts cannot make contracts for the parties, and where the meaning is plain another meaning cannot be added by implication or intendment. (*Traynor* v. *Palmer,* 86 Ill. 477; *Rufner* v. *McConnel,* 14 id. 168; *Furey* v. *Town of Gravesend,* 104 N. Y. 405.) It has been held in some jurisdictions that where there is no express agreement, equity gives a lien, or the equivalent of a lien, where in no other way rights can be secured. (3 Pomeroy's Eq. Jur.—3d ed.—p. 1241; 19 Am. & Eng. Ency. of Law,—2d ed.—p. 19, and authorities there cited.) But this court has held that equity will not give active relief to one who, under a mistaken belief as to the title of the property, places permanent improvements thereon. (*Williams* v. *Vanderbilt,* 145 Ill. 238; *Dewey* v. *Eckert,* 62 id. 218; *Butler* v. *Butler,* 164 id. 171.) In *Williams* v. *Vanderbilt, supra,* it is stated that the giving of a lien, such as is here contended for under the general doctrine of equity, even though the right can be secured in no other way, is carrying the doctrine of equitable liens further than the courts have generally gone. The right of a tenant to receive payment from a landlord for improvements placed on the demised premises during the term arises from no right or duty from the relation of landlord and tenant, but is always a matter of express contract, and the tenant only has such rights as are given him by his contract. (*Gardner* v. *Watson,* 18 Ill. App. 386; *Watson* v. *Gardner,* 119 id. 312; *Mathes* v. *Dobschuetz,* 72 id. 438.) The vendee cannot be held to pay for these improvements, as the lease does not so provide.

Other questions raised in the briefs need not be considered, in view of the findings heretofore set out.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*