## HAMAKER v OLSON et

Ohio Appeals, 7th Dist, Mahoning Co

No 2338.   Decided Nov 28, 1936

Abe Levin, Youngstown, for appellee.
H. H. Hunt, Youngstown, for appellants.

### OPINION

By CARTER, J.

Walter Hamaker, a cadet policeman, was dismissed from the police department. No appeal was prosecuted as provided by law to the Civil Service Commission of Youngstown from this dismissal. However, somewhat later an application was filed with the Commission for re-instatement. On that application the Commission found that a discharge or permanent dismissal from the police force can only be made by the Mayor of the city or with his approval, and the Commission further stated in their order of reinstatement that without considering the merits of the charges brought and considering the one point as above mentioned the Commission was of the opinion that the dismissal of Hamaker was not properly made according to law, and thereupon reinstated him until suspended or until such time, if any, the charges filed against him might be heard and determined in the proper manner.

Error was not prosecuted from this action of the Commission but an attempted appeal on questions of law and fact were filed in the Common Pleas Court under the provisions of §486-17a GC. Thereupon a motion was filed in the Common Pleas Court by Hamaker moving the court to dismiss the appeal on the ground that the Court of Common Pleas had no jurisdiction of the subject matter since the appellant has no right of appeal under this section. This motion was sustained by the Common Pleas Court, the appeal dismissed and stricken from the docket with exceptions to appellant, and appeal on questions of law is prosecuted to this court.

The sole question for consideration in determination in this court is, did the Court of Common Pleas err in sustaining the motion to dismiss appellant's appeal? Whether an appeal may be prosecuted to the Civil Service Commission where one is serving a probationary period only see the State ex Artman, Appellee v McDonough, Director of Public Safety et, Appellant, 132 Oh St 47.

However, this court is not concerned as to whether Hamaker was properly or improperly dismissed or whether he was properly or improperly reinstated. A perusal of §486-17a GC indicates that nowhere therein is provision made for appeal to the Common Pleas Court by the city or appointing power. This section appears to deal with appeals by the employe or subordinate removed and upon proper appeal the Commission may affirm, disaffirm or modify the judgment of the appointing authority, and the Commission's decision shall be final, provided, however, that in the case of removal of a Chief of Police or Chief of Fire Department or any member of the police or fire department of the municipality an appeal may be had from this decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal.

We are satisfied that this statute makes provision for appeal only on behalf of the employe or subordinate removed and not available to the appellant in this case.

Whether appeal on questions of law only could have been prosecuted from the action of the Commission to the Court of Common Pleas in reinstating Hamaker, by virtue of the provisions of §12241 GC, is not before us for consideration.

The lower court dismissed the appeal. Judgment of the lower court affirmed.

ROBERTS and NICHOLS, JJ, concur.