(No. 3673—

MARTIN ROOT AND HERMAN J. ROOT, DOING BUSINESS AS ROOT BROTHERS SUPPLY COMPANY, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 12, 1942.*

LOREN SULLIVAN, for claimants.

GEORGE F. BARRETT, Attorney General; BEN F. RAILSBACK, Assistant Attorney General, for respondent.

ECKERT, J.

On December 22, 1941, claimants filed their complaint in this court alleging that the 61st General Assembly of the State of Illinois, by Act approved July 17, 1939, created an Afra-Merican Emancipation Exposition Commission and made an appropriation for its use; that members of the Commission were appointed in accordance with the provisions of the Act, and that thereafter the Commission appointed the Diamond Jubilee Exposition Authority to manage the affairs of the American Negro Exposition for whose aid the Afra-Merican Emancipation Exposition Commission had been created. The complaint further alleged that the Diamond Jubilee Exposition Authority in turn hired one Erik Lind-

gren as Director of Exhibits, and that at the request of said Erik Lindgren, claimants furnished certain materials and supplies for the use of the Exposition Commission to the value of $738.49, less credit in the amount of $83.00 for materials returned. Claimants state that although they presented their bill on August 1st, 1940, and subsequently thereafter, to the Diamond Jubilee Exposition Authority, to Colonel William J. Warfield, Secretary of the Afra-Merican Emancipation Exposition Commission, and to the Administrative Auditor of the State of Illinois, the sum of $655.49 remains due and unpaid. It appears from the complaint that all of the appropriation for the use of this Commission was not expended, and that the appropriation lapsed on September 30th, 1941, with more than $11,000.00 unexpended.

Respondent has filed a motion to dismiss the claim on the ground that the complaint does not show compliance with Section 3 of the Act creating the Afra-Merican Commission and on the ground that the complaint fails to comply with paragraph (b) of Rule 5 of the rules of this court.

This latter contention is correct. The complaint fails to state, as is required by Rule 5, whether or not any third person or corporation has any interest in the claim presented. This failure to comply with an important and salutary rule is sufficient ground to sustain respondent's motion to dismiss. Claimants, however, may wish to amend the complaint in this regard and for that reason it is necessary to consider the remaining portion of respondent's motion.

Section 3 of the Act creating the Afra-Merican Emancipation Exposition Commission provides as follows:

"The exposition authorities shall prepare an estimate prior to the first day of each month of the expenditures to be made during the succeeding month and shall submit the same for the approval of the Speaker of the House of Representatives and the President of the Senate or such persons as they may designate to act in their stead, and no expenditure shall be made from the sums appropriated by this Act unless the same are approved as hereinabove provided for."

The complaint shows no compliance or attempted compliance with this section of the Act. The question thus presented is whether this section is merely directory or whether it is a mandatory provision and an express limitation on the power conferred.

In *Green and Sons Company* vs. *State of Illinois*, 9 C. C. R. 218, Section 13 of the Illinois Waterway Act, which re-

quired the Department of Public Works and Buildings to give public notice before entering into any contract which involved the expenditure of $5,000.00 or more, was held to be a mandatory provision for the benefit of the public and an express limitation on the right of the Department to enter into a contract. The court there held that any contract made in violation thereof was void, and that no recovery could be had on the basis of quantum meruit for the reasonable value of services rendered pursuant to such contract.

In the case of *Illinois Central Railroad Company* vs. *State of Illinois*, 10 C. C. R. 493, this court followed the decision of the Green and Sons Company case and held that whoever deals with persons exercising a special statutory power does so with notice of the limitation of that power.

Furthermore, statutes delegating powers to public officers must be strictly construed, and all parties interested must look to the statute for the grant of power. *Diederich* vs. *Rose*, 228 Ill. 610. Section 3 of the Act creating the Afra-Merican Emancipation Exposition Commission clearly provides that no expenditure be made from the appropriation for the Commission without the express approval of the Speaker of the House and the President of the Senate, or of such persons as they might designate to act in their stead. It was the obvious intention of the Legislature thus to restrict and limit expenditures made for the appropriation of this Commission.

The claimants in this case were bound to know the extent of the powers of the Commission or its agents, and were bound at their peril to know whether or not the expenditure in question had been approved. Every pre-requisite to an exercise of a statutory power must actually precede its exercise. *Dement, et al.* vs. *Rokker, et al.*, 126 Ill. 174.

Section 3 of the Act creating the Afra-Merican Emancipation Exposition Commission must therefore be held to be a mandatory provision and an express limitation on the power conferred by the Act. The complaint failing to show compliance with this section is insufficient to support an award by this court.

Respondent's motion to dismiss is therefore sustained, and the claimants given thirty days in which to amend their complaint; in the event claimants decline or fail so to amend, this order dismissing the claim shall become final.