THE STATE, EX REL. DUDLEY, MAYOR, ET AL., APPELLANTS, *v.* KROMER, APPELLEE.

(No. 492—Decided October 18, 1943.)

*Messrs. Young & Young,* for appellants.
*Mr. Earl S. Miller,* for appellee.

CARPENTER, J. The appellant herein Joe E. Dudley, as mayor of the appellant the city of Norwalk, removed the appellee, Frank A. Kromer, from his office as chief of police of that city. The charges were incompetency, inefficiency and failure of good behaviour. Kromer appealed from the order of removal to the city's civil service commission which, after a full hearing at which the counsel for the city was present, modified the order of removal to one of suspension for fifteen days.

Thereupon the mayor and the city gave timely notice of appeal on questions of law and fact from the commission's order to the Court of Common Pleas which, on motion of Kromer, dismissed the appeal for the reason that the order of the commission was final as to the mayor and the city and that the law does not give them the right to such appeal. From that order, the mayor and city appealed to this court on questions of law.

Section 486-17a, General Code, in the general civil service law of Ohio, defines the right of appeal from the commission to the Court of Common Pleas. After providing that the tenure of every officer in the classified service, as the chief of police of a city, shall be "during good behavior and efficient service" and that he may be removed for incompetency, inefficiency, etc., the part material herein is as follows:

"In all cases of removal the appointing authority [the mayor in this case] shall furnish such employee or subordinate with a copy of the order of removal and

his reasons for the same, and give such officer * * * a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee * * * shall be filed with the commission. Any such employee * * * so removed may appeal from the decision or order of such appointing authority to the * * * municipal commission * * * within ten days from and after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear * * * such appeal within thirty days * * * and it may affirm, disaffirm or modify the judgment of the appointing authority, and the commission's decision shall be final; provided, however, that in the case of the removal of a chief of police or chief of the fire department or any member of the police or fire departments of a municipality an appeal may be had from the decision of the municipal commission to the Court of Common Pleas of the county in which such municipality is situated to determine the sufficiency of the cause of removal. * * *''

This section deals only with ''cases of removal'' by the appointing authority. It has no application to lesser disciplinary orders provided for in Section 486-17, General Code. *Curtis, Safety Director,* v. *State, ex rel. Morgan,* 108 Ohio St., 292, 140 N. E., 522, paragraph two of the syllabus.

On removal, an employee in any branch of the classified service can appeal to the commission ''and it may affirm, disaffirm or modify the judgment of the appointing authority'' removing the employee, and ''the commission's decision shall be final.''

By the proviso which follows, the only qualification to the finality of the commission's decision is as to members of the police and fire departments of municipalities who ''in case of removal'' are privileged to appeal to the Court of Common Pleas, and on inquiry

*de novo* that court is limited "to determine the sufficiency of the cause of removal." *Kearns* v. *Sherrill, City Manager,* 137 Ohio St., 468, 30 N. E. (2d), 805. The court's judgment can be only an "affirmance or disaffirmance *in toto*" and it "is without authority to modify the same." *Hawkins* v. *City of Steubenville,* 134 Ohio St., 468, 17 N. E. (2d), 641. As was said in the *Kearns case,* "An additional safeguard is thus provided members of the police and fire departments."

Two reasons are apparent why the jurisdiction of the court is so limited:

1. The civil service commission is a part of the municipal government. Its members, in Norwalk, are appointed by the mayor. Hence, its decision is in fact the decision of the municipality itself, as it were, a check on the action of the municipality's other agent, the mayor. An appeal by the municipality from its own decision would be unjust and inconsistent with the statute. This disposes of the contention made by appellants that "under the constitutional provision of due process the right of appeal must be reciprocal."

2. The municipality by its agency, the commission, having reduced the punishment for its employee from removal to suspension, the matter became a mere disciplinary measure and its decision was final. It was no longer a "case of removal."

The order of the lower court dismissing the appeal to it was right and it is affirmed.

*Judgment affirmed.*

Lloyd and Stuart, JJ., concur.