**STATE, ex rel. STEWART, Appellee, v. REED et al., Appellants.**

Ohio Appeals, First District, Hamilton County.

No. 6324.    Decided November 15, 1943.

Edwin G. Becker, Cincinnati, and Paul J. Hengge, Cincinnati, for Appellee.

Larz R. Hammel, Cincinnati, and Ira G. Stephenson, Cincinnati, for appellants.

**OPINION**

By ROSS, P. J.:

The Mayor of the City of Lockland served upon the Chief of Police of that City an order of removal, stating therein three grounds for the action so taken. The Chief of Police filed with the Mayor and Safety Director an answer and explanation.    The explanation was not considered satisfactory by the removing authority and appeal was taken by the Chief of Police to the Civil Service Commission of such City. An extended hearing was held.    Both the City and the Chief of Police were represented by capable counsel.    The hearing was conducted along lines consistent with judicial determination of

the issues involved. Objections to evidence were made and ruled upon. The record indicates an orderly trial of the issues involved in which each side was given a fair opportunity to sustain its contentions as to the issues involved. The result of the hearing was a sustaining of the action of the Mayor in removing the Chief of Police, who then appealed to the Common Pleas Court of Hamilton County, Ohio.

These various steps in the proceedings now under review were perfected according to the provisions of §486-17a GC.

The Common Pleas Court reviewed the conclusion of the Civil Service Commission, limiting its basis for review to the record made before the Civil Service Commission.

The Common Pleas Court entered judgment reversing the conclusion of the Commission, and ordered the Chief of Police of the City of Lockland reinstated, and directed that he receive pay from the date of his removal, and issued its mandate to the Commission to such effect. The Court of Common Pleas found "that the causes of removal of the appellant were insufficient and the order of removal by Mayor Frank Reed and the affirmance thereof by the Civil Service Commission of the City of Lockland were arbitrary, unreasonable, and an abuse of discretion."

The appellants in this Court filed a motion for new trial, the same was overruled, and final judgment rendered in favor of the Chief of Police.

Notice of appeal on questions of law was filed by the appellants herein in due time.

Basically, the question here presented is whether the Common Pleas Court committed error in its findings and judgment.

The assignments of error are in substance (1) That the findings and judgment of the Common Pleas Court are not sustained by the record. (2) That the Common Pleas Court failed to give "due consideration" to' the conclusion of the Civil Service Commission. (3) And that the Court of Common Pleas erred in "substituting its discretion for that of the Mayor and the Civil Service Commission, thereby exceeding the Court's authority."

This Court in **Kearns v Sherrill, etc., et al., 63 Oh Ap., 533,** considered many of the questions here presented in argument and brief. It is true that other questions were considered, but the decision of the Court is authority for the conclusion, that where the record of the hearing before the Civil Service Commission contains substantial evidence supporting the conclu-

sion of the Commission that the removing authority was justified in the action of removal, it is error prejudicial to such removing officer for the Common Pleas Court to substitute its judgment as to the effect of the evidence presented to the Commission.

The record of the hearing before the Commission has been examined. In it is substantial evidence justifying the action of the Mayor and Commission. No purpose would be served by pointing out such substantiation in detail. However, it is apparent that there is substantial credible evidence that the Chief of Police ignored the existence of a breach of the peace occurring in his jurisdiction, that he unreasonably delayed an investigation of such disorder after being told to do so by constituted authority, that he failed to obey definite instructions given him by a superior to establish permanent and continuous policing of a specified locality by an unmounted patrolman, that he disobeyed positive instructions not to send a police officer outside the jurisdiction of the City to obtain possession of a truck stolen and removed to Kentucky sometime before, substituting his own discretion for that of his superiors.

The fact that there were definite contradictions in the evidence upon these matters is not overlooked.

The Commission might well have reversed the action of the Mayor and its action in so doing could not justifiably be reversed.

It is difficult to imagine any case in which an appeal, on record before a Civil Service Commission, furnishes the basis for an appeal to the Common Pleas Court, which would not involve collisions due to the effect of conflicting evidence. The only exception probably would be one in which the Commission prompted by passion or prejudice reached a conclusion with no substantial evidence to sustain its conclusion. In such case a Court might then properly say that the conclusion and findings of the Commission were arbitrary, unreasonable, and constituted an abuse of discretion. No such conclusion is justified by the record here presented.

So viewing the record, the judgment of the Court of Common Pleas is reversed and vacated, and the conclusion and findings of the Civil Service Commission of the City of Lockland are sustained.

HILDEBRANT & MATTHEWS, J. J., concur.