### FORTUNE, In re.

Common Pleas Court, Cuyahoga County.

No. 454264.  Decided October 8, 1951.

Miller, Daus and Schwenger, Cleveland, for appellant.
Geo E. Hartshorn, Roger A. Zucker, Cleveland, for appellee.

## OPINION

By MERRICK, J:

This is an appeal from the decision of the Civil Service Commission of the City of Cleveland Heights. The appellant Herbert Fortune was a patrolman member of the police department of that city and was dismissed from the force by the City Manager who was likewise the director of public safety. Fortune was charged with being on duty in a drunken condition. The Civil Service Commission affirmed the finding and action of the administrative officer. This case has been

in court for more than 15 years, some of such delay being occasioned by a review on a jurisdictional question. **In re:— Fortune, 138 Oh St 385.**

Several questions are presented in the pleadings and urged in oral arguments and briefs. This Court feels that some elaboration on these questions might be helpful because of the fact that recent enactments of the Legislature provide that a policeman or fireman in the classified service who is reduced in rank, laid off or suspended may appeal to the courts if he is not satisfied with the treatment accorded him by the reviewing Civil Service Commission. **Sidell v. Cole, 147 Oh St, 203.** It is anticipated that this recent change in the statutes will mean a sharp increase in the number of appeals taken in matters which were heretofore subjects of departmental discipline and not subject to review by the courts.

Appellant complains that there were irregularities in the proceedings of the Civil Service Commission in that certain papers were transferred from the departmental files of the police department to the civil service commission and may have been considered by it in arriving at its decision. One of these was an affidavit given by a witness who later appeared in person and gave testimony and was cross-examined by counsel. In hearings of this type, there is not always present the atmosphere of a trial court room and the members of the Civil Service Commission are frequently persons not schooled in the law. The procedure necessary to present the questions involved is plainly outlined in the statutes. **Sec. 486-2 et seq GC.** The Commission is an administrative body given certain quasi-judicial powers by express authority of statute, but such powers do not constitute it a court though it has some of the attributes of a court. **In re: Sidell, 51 Abs, 105, 80 N. E., 2nd, 203 (Ohio C. of A.)**

It may be of interest to note that the statute does not provide that an appeal may be taken from a decision of a civil service commission on questions of law or on questions of law and fact. The appeal sought to be perfected in this case is grounded upon §486-17a GC. This section does no more than to say, "An appeal may be had from the decision of the municipal commission to the Court of Common Pleas . . . . to determine the sufficiency of the cause of removal." This brings us to the question of whether the word "appeal" as used in the statute connotes a hearing de novo. If it does, then whatever error of commission or omission may have been committed by the Civil Service Commission would be inconsequential in that the Common Pleas Court could conduct a hearing as if on review on questions of fact and law and could permit testimony and any other attribute of a full dress trial under all judicial rules of law and evidence.

In the case of **In re Fennell, (Common Pleas) 6 Ohio Supp. 145**, it was held that procedure under §486-17a GC, relating to a specific matter in civil service, is an exception to the general class of appeals governed by statute.

In its present form §12223-3 GC reads as follows:

"Every . . . final order of . . . any administration . . . commission may be reviewed as hereinafter provided, unless otherwise provided by law . . ."

In the opinion in the Pennell case, supra, the trial court pointed out that a case within the provisions of §486-17a GC was restricted to the confines of that statute and could not be appealed under §12223-3 GC and refused to review a case brought in appeal from the Civil Service because it did not fall within the enveloping construction of §486-17 GC.

The most enlightening case on this subject is **Kearns v. Sherrill, 63 Oh Ap 533**, and the further review of the same case found in **137 Oh St, 468**.

In reversing the Common Pleas Court, the Court of Appeals opinion used this language:—

"It is clear that the Common Pleas Court could not have been vested with power in an original action to exercise the executive or administrative discretion of determining whether under all the circumstances the patrolman should be retained in office, after it is determined that good and sufficient cause for his removal had been found to exist and tested by that rule, it is equally clear that it cannot be vested with such jurisdiction on appeal from an administrative tribunal . .

In the light of this constitutional limitation upon the power of the Common Pleas Court to receive jurisdiction, we hold that the language of §486-17a GC, must be construed to confer upon that court jurisdiction to review the proceedings of the Civil Service Commission to determine whether it had exercised the authority conferred upon it in accordance with the statutes, and whether due process of law and other constitutional safeguards had been observed, thereby excluding from the review the administrative discretion exercised, by the appointing officer and the Civil Service Commission. That the Legislature was conscious of the limitation upon its power to confer jurisdiction upon the Common Pleas Court is indicated by the provision that upon the review the court should either affirm or reverse the ruling of the commission. Had the Legislature intended the court to determine the issue as though exercising original jurisdiction, certainly the power to modify the Commission's ruling would have been conferred, as well as the power to affirm or reverse."

In the syllabi of this case the Court of Appeals held as follows:—

"On appeal from the civil service commission the case should be determined on the record made before the commission.

"Where the court heard the appeal as though it invoked original jurisdiction' but the record shows that the evidence heard was the same as that heard by the commission, no prejudice resulted from the method of hearing the appeal."

In affirming the Court of Appeals in the Kearns case, supra, the opinion of Judge Matthias contains this very pertinent passage:—

"Had it been intended by the law making branch of the government that the Common Pleas Court should act as if 'sitting as the entire civil service commission and also as the city manager,' as apparently was assumed by the common pleas judge hearing the appeal, the Legislature undoubtedly would have found it possible to employ language conferring such broad power." (Emphasis ours.)

In the case of In re Watkins, 88 Oh Ap, 251, the Court of Appeals opinion notes that the Common Pleas Court tried the case de novo. No further comment is found on that theory of the case in the opinion.

The Supreme Court in the case of Hawkins v. Steubenville, 134 Oh St, 468, seemed to summarize the various conflicting theories theretofore existing by this syllabus:—

"Upon appeal by a police officer of a municipality, from a decision of a municipal civil service commission affirming an order of a director of public safety removing such police officer the power of the Court of Common Pleas is confined by §486-17a GC, to the rendition of a judgment of affirmance or disaffirmance in toto, and the court is without authority to modify the same."

The Civil Service Commission decision could not be appealed by the appointing authority as it is considered that both are branches of the same governing body. State, ex rel Dudley v. Kromer, 73 Oh Ap, 241. It is apparent therefore that the general appellate statute does not apply. Hamaker v. Olson, 23 Abs 513.

Following the reasoning in the cases cited above, this Court is of the opinion that, inasmuch as the judicial review is restricted to a determination of one question only and not a review of the entire matter, that the case should be tried on the record taken before the Commission and that but one judgment may be rendered, viz:—an affirmance or disaffirmance in toto. This Court has no jurisdiction to modify or reverse on the ground that removal was too severe a punishment. Armbruster v. Middletown, 74 Oh Ap, 321. Hawkins v.

Steubenville, supra, Kearns v. Sherill, supra, **Stewart v. Reed**, 68 N. E., 2nd, 353, **45 Abs 545.**

It is the contention of the appellant that he had three drinks of whiskey on the day in question, but that he was not in a state of drunkenness and had full control of his faculties. The record discloses that several witnesses described his condition factually and also gave their opinions that he was intoxicated. Counsel has argued that the record lacks evidence to show him intoxicated or drunk to the extent contemplated by the criminal statutes and ordinances.

The law does not comprehend that public employees shall be found guilty of having committed some violation of the criminal laws before a cause for removal arises. Many of the grounds for removal would not be violations of any law or ordinance. **Sec. 486-17a GC.** The statement of the reasons for removal need not be as specific and particular as an indictment nor drawn with the formal exactness of pleadings in a court of justice. **7 O. Jur., 596.**

We must contemplate that the rules of conduct for public employees imply a full comprehension of the circumstances under which they must be interpreted and applied. A public employee of a certain classification might be drunk under some conditions and it might not be cause for removal, while an employee of another classification under the same conditions might be justifiably removed.

It is not a question as to whether or not this man could be convicted in a court of law. It is a question of whether or not a man who would do that sort of thing is a proper man to be on the police department. Is not he, by doing these things, subject to the penalties that his superiors can invoke against him, even to the extreme penalty of dismissal from his position? **Cermak v. Barry, 29 Abs 413.**

An examination of the record discloses that there was ample evidence to establish the sufficiency of the cause of removal. Whether, under the circumstances, leniency should have been extended is not a proper question for this Court.

Counsel may prepare a formal decree of dismissal of the appeal at appellant's costs in accordance with this opinion.