Wauconda Township High School District No. 118 in Lake and McHenry Counties, State of Illinois, Plaintiff-Appellant, v. County Board of School Trustees of McHenry County; School District No. 156 in McHenry County, Illinois: Earl Lawrence et al., Defendants-Appellees.

Gen. No. 10,848.

Second District.
September 27, 1955.
Released for publication October 17, 1955.

Looze & Kinne, of McHenry, and Runyard & Behanna, of Waukegan, for appellant; Harry C. Kinne, Jr., of McHenry, of counsel.

Charles C. Stadtman, of Woodstock, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

It appears from the record in this case that on December 3, 1953, a petition was filed with County Board of School Trustees of McHenry County in accordance with the provisions of Article 4B of the School Code

(Ill. Rev. Stat. 1953, chap. 122, par. 4B—1 et seq. [Jones Ill. Stats. Ann. 123.754B(4)]) praying for the detachment of certain described territory from Wauconda Township High School District No. 118 in Lake and McHenry Counties and annexing said territory to School District No. 156 of McHenry County, Illinois. Written notice of the presentation of said petition was duly given to said Wauconda Township High School District No. 118 and said School District No. 156. This notice was in accordance with the provisions of section 4B–4 of the School Code and stated when the petition was filed, the description of the territory, the prayer of the petition, and fixed the return day as January 4, 1954. Wauconda Township High School District No. 118, by its attorney, appeared at the hearing and objected to the granting of the petition. On January 12, 1954, the County Board of School Trustees of McHenry County entered an order of detachment and annexation in accordance with the prayer of said petition.

On February 11, 1954, the instant complaint was filed in the Circuit Court of McHenry County under the provisions of the Administrative Review Act (Ill. Rev. Stat. 1953, chap. 110, par. 264 et seq. [Jones Ill. Stats. Ann. 104.094(1) et seq.]) by Wauconda Township High School District No. 118 of Lake and McHenry Counties which made the County Board of School Trustees of McHenry County and School District No. 156 in McHenry County defendants. The County Board of School Trustees answered. Upon motion, Harold Vaupell and five other persons, some of whom appeared at the hearing before the County Board of School Trustees in support of said detachment petition, were granted leave to intervene as parties defendant in the proceedings in the Circuit Court, and they filed a motion to dismiss the complaint. The ground for the allowance of this motion to dismiss, as stated therein, is that "it appears on the face of the complaint that the plaintiff has not legal capacity to

67

sue for the reason the statute does not authorize a Board of Education to commence an action to review the administrative decision of a County Board of School Trustees in the matter of changing school district boundaries." This motion was heard and sustained and from an appropriate order dismissing the complaint, the plaintiff appeals.

The sole question presented by this record is whether appellant, Wauconda Township High School District No. 118, is entitled to seek a review of the decision of the County Board of School Trustees, which decision detached from its district a substantial part of its territory.

Counsel for appellee insists that the Administrative Review Act does not specify the parties who may petition for a review of the decision of an administrative agency and that the matter of who may be a party plaintiff in such a proceeding is therefore governed by the provisions of the School Code and that its applicable provision limits the parties who may apply for a review under the Administrative Review Act to "any resident who appears at the hearing or any petitioner" (Ill. Rev. Stat. 1953, chap. 122, par. 4B—5 [Jones Ill. Stats. Ann. 123.754B(5)]). Counsel argue that while the record discloses that appellant appeared at the hearing before the administrative agency, it owns no property, has no voting rights and cannot be held to be a resident within the meaning of the language used in this section of the School Code.

School districts are involuntary political or civil divisions of the state created as auxiliaries of the state to aid in the general administration of government. A legally constituted school district is composed of the territory included within its corporate boundaries. It is a quasi-municipal corporation and the board of education of a school district is an agency of the state and not a subdivision thereof and is a separate and distinct corporation which furnishes the meth-

68

od and machinery for the government and management of the district. (The People v. Thomas, 361 Ill. 448, 453; Melin v. Community Consol. School Dist. No. 76, 312 Ill. 376, 382; Fiedler v. Eckfeldt, 335 Ill. 11, 21.) In the construction of our statutes, the words, "person" or "persons," as well as all words referring to or importing persons may extend and be applied to bodies politic and corporate as well as individuals. (Ill. Rev. Stat. 1953, chap. 131, sec. 1.05 [Jones Ill. Stats. Ann. 27.13(5)].) The word resident, as used in section 4B–5 of the School Code imports a person, but whether the word resident, as so used in this provision of the School Code, embraces appellant need not be determined, as under the provisions of the Administrative Review Act, appellant is entitled to a review of the decision of the County Board of School Trustees.

Section 4B–4 of the School Code provides that upon the filing of the instant petition with the secretary of the County Board of School Trustees, the secretary shall cause a notice of the presentation thereof to be given in writing to each board of any district involved in the proposed boundary change and shall also publish a notice in a newspaper having general circulation within the area of the territory described in the petition, and this notice shall state when the petition was filed, the description of the territory sought to be detached, the prayer of the petition, and the *return day* upon which the hearing on the petition will be held. It is further provided: "On such return day, or on a day to which the county board of school trustees shall continue said hearing," the petition shall be heard. Section 4B–5 of the School Code provides in part that the decision of the County Board of School Trustees shall be deemed an "administrative decision" as defined by section 1 of the "Administrative Review Act." Section 1, subpar. 2 of the Administrative Review Act defines "administrative decision" as any order or determination of an administrative agency ren-

69

dered in a particular case which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency. (Ill. Rev. Stat. 1953, chap. 110, par. 264.)

Section 2 of the Administrative Review Act [Ill. Rev. Stats. 1953, ch. 110, § 265; Jones Ill. Stats. Ann. 104.094(2)] provides that unless review is sought of an administrative decision within the time and in the manner therein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision. Section 4 of the same Act [Ill. Rev. Stats. 1953, ch. 110, § 267; Jones Ill. Stats. Ann. 104.094(4)] provides that every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within thirty-five days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. Section 8 of the same Act [Ill. Rev. Stats. 1953, ch. 110, § 271; Jones Ill. Stats. Ann. 104.094(8)] provides that in any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants.

The decision which is sought to be reviewed in this case affects the legal rights, duties, and privileges of appellant. Section 2 of the Administrative Review Act clearly implies that the parties to the proceeding before the administrative agency may obtain a judicial review of the decision of the administrative agency. Section 4B–4 of the School Code required notice to be given appellant, as it was a school district involved in the proceedings before the County Board of School Trustees. There would be no purpose in presenting notice to appellant of the hearing before the County Board of School Trustees unless it would have a right to appear and be heard before the County Board of

70

School Trustees made its decision; and, after having made a decision which affected its rights, duties, and privileges, it must have been the intention of both the School Code and the Administrative Review Act to afford it an opportunity to seek a judicial review of a decision which so vitally affects its interests.

Counsel for appellees insists that the statutory provision for giving written notice to the districts affected does not make these districts parties to the proceedings to such an extent as to entitle such school districts to institute an action to review the decision of the County Board of School Trustees under the provisions of the Administrative Review Act. Counsel suggests that the notice by the secretary of the County Board of School Trustees to the boards of education of the affected school districts is in the nature of a subpoena rather than a summons, so that at the hearing before the County Board of School Trustees the affected districts will furnish the County Board of School Trustees the information which the County Board of School Trustees must have, as required by Section 4B–4 of the School Code, before it issues any order in the detachment proceeding.

██ The School Code does not require a board of education of any school district involved in the detachment proceeding to appear before the County Board of School Trustees and supply information to the County Board of School Trustees. Certain information is to be furnished to the County Board of School Trustees by its secretary, as outlined in Section 4B–4 of the School Code. There is nothing in the Act that would warrant us in concluding that the written notice required to be given a school district affected in a detachment-annexation proceeding is in the nature of a subpoena rather than a summons. Such notice is more in the nature of a summons. Its purpose was to. afford the school district involved an opportunity to appear at the hearing and be heard, if it so desired,

71

and being a party to the record, under the provisions of the Administrative Review Act, it had a right to have reviewed the decision of the County Board of School Trustees.

The judgment of the Circuit Court of McHenry County is, therefore, reversed and this cause is remanded with directions to overrule the motion of the intervenors to dismiss.

Reversed and remanded with directions.

EOVALDI and CROW, JJ., concur.