THE DEPARTMENT OF REGISTRATION AND EDUCATION, Plaintiff-Appellant, *v.* JAMES A. AMAN *et al.*, Defendants-Appellees.

(No. 11440; )

Fourth District—February 7, 1972.

CRAVEN, J. dissenting.

William J. Scott, Attorney General, of Chicago, (Francis T. Crowe, Walter K. Pyle, and Robert A. Tingler, Assistant Attorneys General, of counsel,) for appellant.

James M. Drake, of Springfield, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

The Circuit Court dismissed the complaint of the Department of Registration and Education of the State of Illinois filed under the Administrative Review Act (Ill. Rev. Stat. 1969, ch. 110, par. 264, *et seq.*) to review a decision of the Civil Service Commission. The court held that the decision of the Commission was not reviewable at the instance of the appointing authority.

The Department instituted proceedings to discharge James A. Aman, a professional license investigator of the Department. The employee appealed his discharge to the Civil Service Commission. A hearing was held at which testimony and documentary evidence was received on behalf of both the employee and the Department. The Civil Service Commission ordered that the employee be retained in his position.

The only issue is whether the right to review the decision of the Civil Service Commission is available to the Department. The truth or falsity of the charges against the employee is not now in issue.

Section 11a of the Personnel Code (Ill. Rev. Stat. 1969, ch. 127, par. 63b, 11a) provides:

"All final administrative decisions of the Civil Service Commission hereunder shall be subject to judicial review pursuant to the provisions of the 'Administrative Review Act', approved May 8, 1945, as heretofore or hereafter amended. The term 'administrative decision' is defined as in Section 1 of the 'Administrative Review Act'."

Administrative decision is defined in Section 1 of the "Administrative Review Act" as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties and which terminates the proceedings before the administrative agency".

The employee in support of the trial court's decision states as a proposition of law that one administrative agency of the state has no standing

to appeal the decision of another administrative agency. He cites Cooper, State Administrative Law (Bobbs-Merrill 1965) p. 541, to the effect that one does not have "standing" to appeal an administrative determination unless he can show that he is "personally aggrieved", or show an injury or threat to a particular right of his own as distinguished from the public interest in the administration of the law.

We do not think that the statute of an administrative agency as a party to litigation can be judged upon grievance or injury in a "personal" respect. That language is ordinarily applied where an individual is attacking the action of an administrative agency as in *222 E. Chest. St. Corp. v. Bd. of Appeals*, 14 Ill.2d 190, 152 N.E.2d 465. There the court held that property owners had not established sufficient individual injury to have standing. In *Castleman v. Civil Service Commission*, 58 Ill.App.2d 25, 206 N.E.2d 514, it was held that a taxpayer, as such, did not have standing to attack an order of the Civil Service Commission.

■■ We do not find that there is any rigid general or constitutional principle that one governmental agency may not litigate the action of another agency of the same government. The question of "standing" in respect to an administrative agency depends rather upon "interest" or "duty" prescribed by statute. In *United States v. Federal Power Com.*, 345 U.S. 153, 97 L.Ed. 918, 925, the Secretary of Interior was held to have standing to question the action of the Federal Power Commission. In *United States v. ICC*, 396 U.S. 491, 24 L.Ed.2d 700, the Department of Justice of the United States attacked the Interstate Commerce Commission's approval of a railroad merger, and the matter was determined upon its merits by the Supreme Court of the United States. In *Wauconda Tp. School Dist. v. County Board, etc.*, 7 Ill.App.2d 65, 129 N.E.2d 177, the circuit court dismissed the complaint by Wauconda Township High School District No. 118 of Lake and McHenry Counties against the County Board of School Trustees of McHenry and School District No. 156 upon the ground that it appeared on the face of the complaint that the plaintiff had no legal capacity to sue. The stated reason was that the statute did not authorize a Board of Education to commence an action to review the administrative decision of a County Board of School Trustees in the matter of changing school district boundaries. The Appellate Court reversed.

The Court said at page 68:

"The sole question presented by this record is whether appellant, Wauconda Township High School District No. 118, is entitled to seek a review of the decision of the County Board of School Trustees, which decision detached from its district a substantial part of its territory.

Counsel for appellee insists that the Administrative Review Act does not specify the parties who may petition for a review of the decision of an administrative agency and that the matter of who may be a party plaintiff in such a proceeding is therefore governed by the provisions of the School Code and that its applicable provision limits the parties who may apply for a review under the Administrative Review Act to 'any resident who appears at the hearing or any petitioner' (Ill. Rev. Stat. 1953, chap. 122, par. 4B-5 [Jones Ill. Stats. Ann. 123.754 B(5)]). Counsel argue that while the record discloses that appellant appeared at the hearing before the administrative agency, it owns no property, has no voting rights and cannot be held to be a resident within the meaning of the language used in this section of the School Code.

 School districts are involuntary political or civil divisions of the state created as auxiliaries of the state to aid in the general administration of government. A legally constituted school district is composed of the territory included within its corporate boundaries. It is a quasimunicipal corporation and the board of education of a school district is an agency of the state and not a subdivision thereof and is a separate and distinct corporation which furnished the method and machinery for the government and management of the district. (*The People v. Thomas,* 361 Ill. 448, 453; *Melin v. Community Consol. School Dist. No. 76,* 312 Ill. 376, 382; *Fiedler v. Eckfeldt,* 335 Ill. 11, 21). In the construction of our statutes, the words 'person' or 'persons', as well as all words referring to or importing persons may extend and be applied to bodies politic and corporate as well as individuals. (Ill. Rev. Stat. 1953, chap. 31, sec. 1.05 [Jones Ill. Stats. Ann. 27.13(5)].) The word resident, as used in section 4B-5 of the School Code imports a person, but whether the word resident, as so used in this provision of the School Code, embraces appellant need not be determined, as under the provisions of the Administrative Review Act, appellant is entitled to a review of the decision of the County Board of School Trustees.

❋ ❋ ❋ ❋ ❋

The decision which is sought to be reviewed in this case affects the legal rights, duties and privileges of the appellant. Section 2 of the Administrative Review Act clearly implies that the parties to the proceeding before the administrative agency may obtain a judicial review of the decision of the administrative agency."

The court held that the notice required to be given to the School Board was to give it an opportunity to be heard, "(A)nd being a party to the record under the provisions of the Administrative Review Act, it had a

right to have reviewed the decision of the County Board of School Trustees."

Additionally, there appears to be no question that the appointing authority has sufficient interest to be considered a "party" to appeal from the Circuit Court to the Appellate Court. In *Samter v. Department of Public Welfare,* 9 Ill.App.2d 363, 132 N.E.2d 810, the Civil Service Commission upheld the discharge of the employee. On appeal of the employee, the Circuit Court reversed the Civil Service Commission. The Department appealed to the Appellate Court which reversed the Circuit Court. If we were to agree with the trial court, we would have the unique situation that the Department has sufficient interest to appear before the Civil Service Commission and sufficient interest to appeal an adverse Circuit Court decision to the Appellate Court if the employee first gets the case into the Circuit Court, but, at this one stage only, *i.e.,* appeal from the Commission to the Circuit Court the Department does not have sufficient "standing" to assert its position.

As to the type of interest which the Department asserts, the following language in *Samter v. Department of Public Welfare,* 9 Ill.App.2d 363, on 374, 132 N.E.2d 810, is appropriate:

"In appeals from a Civil Service Commission there should be recognition by the courts that the relationship of the executive department to its employees is involved and that the discipline of an entire department may be affected."

The authorities which deny to the appointing power the right of appeal from a Civil Service Commission decision turn upon the language of the statute. In *State, ex rel. Dudley, Mayor v. Kromer,* 73 Ohio App. 241, 55 N.E.2d 809, the court denied the right of appeal to the appointing authority from an order of reinstatement. There, the language of the statute limited the right of appeal to those cases where a member of the police or fire department was removed from office, and limited the appeal to the sufficiency of the cause for removal. In *Samuel Maheloma Memorial Hospital v. County of Kauai Civil Service Commission,* 377 Pa.2d 703, the court held that the language of the entire statute limited appeals to the aggrieved employee. See also 15 Am.Jur.2d 510, *Civil Service,* sec. 48 (last par.) citing *Hamaker v. Olson* (App.) 23 Ohio L.Abs. 513.

In *Fadell v. Kovacik,* 181 N.E.2d 228, the Indiana Supreme Court held that a local assessor could not appeal from an order of the State Board of Tax Commissioner's reduction of an assessment where the statute limited the appeal to the "aggrieved property owner". The court also noted that the assessor had no personal interest. In *Camp v. Board of Public Works of the City of Gaffney,* 120 S.E.2d 681, the court held that a Soil Conservation District did not have standing to appeal a permit issued by the Pollu-

tion Control Board for the reason that the statute did not charge such district with responsibility for stream pollution. The Court said:

"We are not called upon in this case to determine whether one state agency may bring an action against another state agency for a declaratory judgment as to their respective powers with respect to any matter in dispute between them * * *. This is not such a case.

Assuming under some circumstances one public agency may attack the action of another, the complaining agency must at least show that it has some special interest from which it is charged with responsibility that may be adversely affected by the action attacked. This we do not think respondents have done."

We find in the variety of cases noted above, both those pertaining to civil service and other inter-agency conflict, one common thread and that is reference to the pertinent statutes. In the absence of statutory authority, there is no appeal. In the absence of statutory imposition of duty there is no interest or responsibility.

■■ Additionally, as authorities cited by both parties hold, there is the general principle that courts attempt to follow the plain language of a statute and neither add to nor limit the language of the statute. (*Heyden v. Willis,* 94 Ill.App.2d 290, 293, 236 N.E.2d 580; *Western Nat. Bank v. Vil. of Kildeer,* 19 Ill.2d 342, 167 N.E.2d 169; *Bowman v. Armour and Company,* 17 Ill.2d 43, 160 N.E.2d 753; *Department Public Works v. Schlich,* 359 Ill. 337, 345-6, 194 N.E. 587; *Diederich v. Rose,* 228 Ill. 610, 615, 81 N.E. 1140 and *People v. Economy Power Co.,* 241 Ill. 290, 354, 89 N.E. 760.) In *Diederich v. Rose,* 228 Ill. 610 on 615, the court said:

"When the language is clear and admits of but one meaning there is no room for construction. Courts cannot change the clear meaning of words used, even though the consequences appear not to be such as were contemplated."

Here we are dealing with a statute which applies specifically to decisions of the State Civil Service Commission under the Personnel Code. It suggests that all final administrative decisions of the Civil Service Commission shall be subject to judicial review. Within the terms of the Administrative Review Act, (Ill. Rev. Stat., 1969, ch. 110, par. 264), the Department is a party to the proceedings before the Civil Service Commission.

We do not have authority to say that *all* final decisions, as provided in the Personnel Code, means something less than all when directed to parties to an "administrative decision" within the definition provided in the Administrative Review Act.

■■ The real parties in a Civil Service hearing are the employer and the employee. If the Legislature had intended to limit the right to an appeal

to the aggrieved employee, or to cases of removal, it could readily have done so. We find no reason to read the limitation contended for by the appellees into such statute.

The Circuit Court erred in dismissing the complaint. The cause is reversed and remanded with directions to proceed upon the complaint and answer. The answer of the Civil Service Commission will be the record of the proceedings before it. We consider the Civil Service Commission to be merely a nominal party.

Reversed and remanded with directions.

SMITH, J., concurs.

Mr. JUSTICE CRAVEN dissenting:

The Administrative Review Act was adopted in 1945. From that date until the date of this opinion I find no case where one state agency purports to assert authority to obtain administrative review of a decision of another co-equal state agency. No such case has been cited, nor has my research found any. The Administrative Review Act does not expressly confer the authority for such review upon a state agency. The majority in finding that the Departmen of Registration and Education is entitled to review a decision of the Civil Service Commission does so by construing the language relating to the reviewability of "all final administrative decisions". This finding of authority to review by reason of statutory construction and by implication seems to me to ignore other statutory language found in the personnel code that suggests there is no authority for the state agency to seek review of a Civil Service Commission. Indeed, the entire statutory scheme suggests an absence of authority of a state agency to appeal an order of the Commission.

The state agency initiates charges which are filed with the Civil Service Commission, and upon the filing by an employee of a request with the Commission, the Commission is required to grant a hearing within 30 days. Under sec. 11 (Ill. Rev. Stat. 1969, ch. 127, p. 63b-111), the finding and decision of the Commission is certified by the director and he is ordered by statute to "forthwith" enforce that decision. If the Commission certifies a decision that an employee is to be retained in a position and orders no suspension for disciplinary purposes, the statute requires that he receive compensation for any period during which he was suspended pending the investigation of the charges.

It may be desirable that a state agency have authority to appeal a decision of a sister agency adverse to its contentions. If such is to be, it is for legislative not judicial action. The argument as to desirability should

be made in a legislative forum and should not be sought by way of judicial construction.

It seems clear that in the administration of state government, one state agency is often affected by proceedings within the scope of the authority of another state agency. For instance, the Department of Agriculture would be concerned with and affected by proceedings of the Environmental Protection Agency or Pollution Control Board as to the use of insecticides or chemical fertilizers. It would appear that under the majority opinion the Department of Agriculture would be entitled to have administrative review of otherwise reviewable orders promulgated from other agencies of state government if it has participated in an administrative hearing. If this should be so, which side of the controversy would the attorney general represent since he is, both by constitution and statute, the attorney for both? This type of illustration can be multiplied many fold.

On the question of the standing of one agency to have administrative review of the acts and doings of another, a comprehensive article, 16 *Ad.L.Review,* p. 163, *et seq.,* suggests that an administrative department or officer has no standing to challenge a decision of a superior or coordinate board or tribunal absent a particular statutory mandate granting such authority. The cases discussed in this article are persuasive here.

The majority opinion relies on the *Samter* case as authority to sustain its position. In that case, the employee appealed the Civil Service Commission order to the circuit court and was successful. The department thereafter appealed to the appellate court. That appeal was to review the action of the circuit court; thus, it is an appeal from a *judicial* decision and is not persuasive as to the existence of authority to initiate administrative review.

The majority opinion in holding for the first time in the 27-year history of the Administrative Review Act that one state agency has standing to initiate administrative review of the decision of another is an invitation to and authorization for interdepartmental litigation; which I believe to be neither justified nor desirable.

Accordingly, I dissent.