(No. 31628.—■)

EDWARD WINSTON *et al.*, Appellants, *vs.* THE ZONING BOARD OF APPEALS OF PEORIA COUNTY *et al.*, Appellees.

*Opinion filed November 27, 1950—Rehearing denied Jan. 15, 1951.*

McCONNELL, KENNEDY & McCONNELL, of Peoria, (MAX J. LIPKIN, of counsel,) for appellants.

O'HERN, ALLOY & O'HERN, and MICHAEL A. SHORE, both of Peoria, (JAY J. ALLOY, and WILLIAM W. DUNN, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiffs, Edward Winston and nine others, prosecute an appeal from a judgment of the circuit court of Peoria County dismissing an action brought under the Administrative Review Act to review a decision of the zoning board of appeals of Peoria County granting a variation to permit the construction of a forty-unit apartment building on certain property classified in a "B" country home district.

By their complaint, plaintiffs alleged that Robert Silberstein applied for a building permit to construct a multiple unit apartment building; that J. Edward Radley, county zoning officer, denied the application; that Silberstein filed a petition for a variance with the county zoning board of appeals; that the board, after hearings, rendered a decision granting the variation requested; that plaintiffs are the owners of property in the vicinity of the land involved; that the value and use of their property are affected by the variation granted, and that they were parties of record to the appeal from the decision of the zoning enforcing officer. In addition to alleging that the zoning board's decision was illegal because it was (1) unaccompanied by findings of fact, (2) unsupported by the proof, and (3) did not constitute a reversal of the zoning enforcing officer's decision but amounted to a mere recommendation, plaintiffs further charged (4) that section 3 of the County Zoning Act, (Ill.

Rev. Stat. 1949, chap. 34, par. 152k,) insofar as it relates to variations, and (5) section 16.1 of the county zoning ordinance pertaining to variations are both unconstitutional.

Silberstein, Radley and the zoning board, but not the individual members of the board, were named as parties defendant. Radley moved to be dismissed as a defendant, Silberstein moved to dismiss the complaint, and the individual members of the zoning board filed special and limited appearances and moved to quash the return of summons against the zoning board and to dismiss the action. The trial judge allowed Silberstein's motion to dismiss, made no ruling as to the other two motions and entered judgment dismissing the action, without specifying any reason for his decision. Plaintiffs did not move to amend their complaint nor did they seek to add other persons as defendants.

The issues raised by the complaint, both constitutional and otherwise, were not passed upon by the trial court, and, consequently, the question of the constitutionality of section 3 of the County Zoning Act and section 16.1 of the zoning ordinance of Peoria County, although argued extensively, are not properly before this court.. (*Shilvock* v. *Retirement Board,* 375 Ill. 68; *Ryan* v. *City of Chicago,* 363 Ill. 607.) The only questions presented for determination are those raised by Silberstein's motion to dismiss the complaint, the ultimate question being whether there is any good and sufficient ground in the motion to dismiss warranting the judgment dismissing plaintiff's action.

Before taking up the grounds for dismissal urged by Silberstein in the trial court and adopted by his codefendants on appeal, consideration must first be given to plaintiff's contention that Silberstein had no right, under the Administrative Review Act, to make a motion to dismiss the complaint. Section 14 (Ill. Rev. Stat. 1949, chap. 110, par. 277,) provides that the Civil Practice Act shall apply, except as otherwise provided in the statute. Motions to

dismiss an action are authorized by section 48 of the Civil Practice Act. (Ill. Rev. Stat. 1949, chap. 110, par. 172.) The Administrative Review Act contains no provision excluding the use of motions or prohibiting motions to dismiss or motions to strike. Section 9 (Ill. Rev. Stat. 1949, chap. 110, par. 272,) providing, in part, that "No pleadings other than as herein enumerated shall be filed by any party unless required by the court," does not compel a contrary conclusion. The prohibition of section 9 relates to the complaint and answer, and its plain intent is to prevent the filing of other similar pleadings as, for example, a reply. Motions are not within the contemplation of the prohibition. Reference is also made to section 10 of the act (Ill. Rev. Stat. 1949, chap. 110, par. 273,) providing for the dismissal of the complaint, upon the motion of any defendant, because of the plaintiff's failure to pay the costs of preparing the record of proceedings before the agency and our decision in *Krachock* v. *Department of Revenue,* 403 Ill. 148, affirming a judgment dismissing a complaint filed under the Administrative Review Act.

Silberstein's motion to dismiss was based, in substance, upon the following six grounds: (1) that the complaint failed to allege facts showing plaintiffs were entitled to maintain the action; (2) that plaintiffs failed to join certain parties to the administrative proceeding as defendants, contrary to the provisions of the Administrative Review Act; (3) that, if the statute permits an action against an administrative agency, it contravenes the constitutional prohibition against making the State a party defendant; (4) that the statute does not authorize an action against a board and, hence, the action should be dismissed for plaintiffs' failure to make the individual members of the board defendants within the time allowed; (5) that Radley was not a proper defendant because he was not a party to the administrative proceeding, and (6) that plaintiffs were not entitled to raise constitutional issues in an action brought

under the Administrative Review Act. The last three grounds for dismissal are not argued in the joint brief filed in this court by all three defendants. In this connection, we deem sufficient the observation that there is no provision in the Administrative Review Act prohibiting an action against a board or commission, that the mere fact Radley was not a proper defendant was insufficient to justify the dismissal of the action against all defendants, and that no reason suggests itself why constitutional issues cannot be raised in a complaint filed under the Administrative Review Act.

Inasmuch as Silberstein challenged the constitutionality of the Administrative Review Act to the extent it permits actions against boards, commissions and similar agencies, the validity of the statute was the foundation of a defense made, and the constitutional question was properly raised so as to give this court jurisdiction to review the judgment of dismissal on a direct appeal. (*People ex rel. Rago* v. *Lipsky,* 390 Ill. 70; *Herb* v. *Pitcairn,* 384 Ill. 237.) This is the only constitutional issue properly presented by this appeal. It is, however, established that a constitutional question will not be considered if the cause can be decided without so doing. (*People* v. *Metcoff,* 392 Ill. 418; *People* v. *Chiafreddo,* 381 Ill. 214; *Durkin* v. *Hey,* 376 Ill. 292; *Bohnert* v. *Ben Hur Life Ass'n,* 362 Ill. 403.) Accordingly, the other grounds for dismissal made and argued will be considered first.

It is fundamental that the complaint in an action brought under the Administrative Review Act, or any other statute, or the common law must state a cause of action. (*Krachock* v. *Department of Revenue,* 403 Ill. 148; *Wuellner* v. *Illinois Bell Telephone Co.* 390 Ill. 126.) Section 4 of the Administrative Review Act (Ill. Rev. Stat. 1949, chap. 110, par. 267,) declares, in part, "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within

thirty-five (35) days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." Since section 4 makes no specific provision as to the persons or classes of persons entitled to maintain an action under the act, recourse must be had to other parts of the statute. In section 1, (Ill. Rev. Stat. 1949, chap. 110, par. 264,) relating to definitions, the term "administrative decision" is defined as "any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of parties  *  *  *." Section 2 (Ill. Rev. Stat. 1949, chap. 110, par. 265,) is illuminating to the extent that it ordains, in pertinent part, "Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." It thus is apparent that the right to review a final administrative decision is limited to parties of record to the proceeding before the administrative agency whose rights, privileges, or duties are affected by the decision. *Krachock* v. *Department of Revenue,* 403 Ill. 148.

Apart from the portions of the complaint meeting the technical requirements of the statute that the complaint must include the decision sought to be reviewed and specify whether the transcript of evidence shall be filed as part of the record, (Ill. Rev. Stat. 1949, chap. 110, par. 272(a),) plaintiffs rely upon the allegations of paragraph 9 of their complaint as setting forth facts showing a cause of action. The ninth paragraph of the complaint reads as follows: "That the plaintiffs herein are property owners in the vicinity of the premises involved and that the value and use of their property is affected by the granting of the variance herein referred to, and that they were parties of record to the appeal from the decision of the zoning enforcing officer of Peoria County, and that they are

aggrieved by said decision." Plaintiffs' statement that they were parties of record to the appeal from decision of the zoning enforcing officer is sufficient as an allegation that they were parties of record to the proceedings before the zoning board, and defendants do not contend otherwise. Defendants do assert, however, that the remaining allegations of paragraph 9 do not constitute allegations of fact showing that plaintiffs' rights or privileges were affected by the decision of the zoning board. The simple allegation of fact that plaintiffs were the owners of land in the vicinity of the property involved does not constitute an allegation that they were injured or damaged by the decision sought to be reviewed. (*Klumpp* v. *Rhoads,* 362 Ill. 412.) To show that they were aggrieved by the decision, it would be necessary for them to allege, for example, that their property was classified in the same district as the land in question but that they were not permitted to enjoy the use allowed by the variance. *Michigan-Lake Building Corp.* v. *Hamilton,* 340 Ill. 284.

Plaintiffs do not allege how near their respective properties are to the land involved, the actual use of their land, the zoning restrictions applicable to them, or even whether the value of their land is adversely or beneficially affected by the decision sought to be reviewed. For all that appears in the complaint, plaintiffs' properties may be a mile or more from Silberstein's land, in part of the incorporated area of the county, not subject to the county zoning ordinance, and enhanced in value as the result of the decision of the zoning board. The allegation that "the value and use of their property is affected by the granting of the variance" is a mere conclusion of the pleader and, not being supported by allegations of specific facts, was not admitted by the motion to dismiss. (*Harris* v. *Ingleside Building Corp.* 370 Ill. 617; *Ryan* v. *City of Chicago,* 369 Ill. 59.) Although plaintiffs' final allegation that "They are aggrieved by said decision" plainly refers to Radley's decision denying

Silberstein's application for a building permit and not the decision of the board granting Silberstein's petition, even assuming that plaintiffs intended to allege they were aggrieved by the zoning board's decision, the allegation would be a mere conclusion of the pleader. To show a cause of action, it was incumbent upon plaintiffs to allege specific facts showing that they were parties to the administrative proceeding whose rights, privileges or duties were adversely affected by the decision of the zoning board. (Ill. Rev. Stat. 1949, chap. 110, par. 264; *Krachock* v. *Department of Revenue*, 403 Ill. 148.) This, they have failed to do and, consequently, the complaint does not state a cause of action.

In the motion to dismiss, it was further asserted that plaintiffs, contrary to the provisions of the Administrative Review Act, had failed to include as defendants five named persons who were parties of record to the proceedings before the zoning board and who supported the petition for a variation. This part of the motion was supported by an affidavit to the same effect and, no counteraffidavit having been filed by plaintiffs, the facts stated in the affidavit must be taken as true. (*Leitch* v. *Hine*, 393 Ill. 211.) Section 8 of the Administrative Review Act (Ill. Rev. Stat. 1949, chap. 110, par. 271,) provides that "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." The requirement that all adverse parties of record to the administrative proceeding shall be made defendants on review is mandatory and specific, and admits of no modification. The act being an innovation and departure from the common law, the procedures it establishes must be pursued in order to justify its application. (*Krachock* v. *Department of Revenue*, 403 Ill. 148.) In addition to not stating a cause of action, the complaint was also fatally defective in

failing to include as defendants all persons other than the plaintiffs who were parties of record to the administrative proceeding.

Since the judgment dismissing the action must be sustained, it becomes unnecessary to consider the constitutional question raised in the motion to dismiss the complaint.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE GUNN, dissenting.