Melvin Babington, Plaintiff-Appellant, v. County Board of School Trustees of Franklin County, Illinois et al., Defendants-Appellees.

### Term No. 55–M–18.

Fourth District.
October 3, 1955.
Released for publication October 24, 1955.

Clayton & Clayton, of Johnston City, and Layman & Johnson, of Benton, for plaintiff-appellant.

Lewis & Lewis, of Benton, for defendants-appellees; Loren E. Lewis, and Wayne T. Lewis, both of Benton, of counsel.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This is an appeal from the Circuit Court of Franklin County allowing the defendants' motion to dismiss plaintiff's complaint filed under the Administrative Review Act. The correctness of the trial court's ruling

rests upon a determination of who are necessary parties to review of an Administrative Agency's order.

A petition to detach territory from a school district in Williamson County was filed with the County Board of School Trustees of Franklin County signed by 75 residents of the affected territory. After due notice and hearing, the Petition was granted. Subsequently appellant, a resident of the Williamson County School District filed his complaint in the Circuit Court of Franklin County for review under the Administrative Review Act making defendants the school districts involved and the County Board of School Trustees of Franklin County. Appellee's motion to dismiss the complaint contended that under the Administrative Review Act the 75 signers of the Petition were necessary parties defendant on review before the Circuit Court. The trial court agreed with defendant's contention and dismissed the complaint.

Section 8 of the Administrative Review Act, Illinois Revised Statutes, Chapter 110, Paragraph 271 [Jones Ill. Stats. Ann. 104.094(8)], provides:

"In any action to review any final decision of an Administrative Agency, the Administrative Agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the Administrative Agency shall be made defendants."

This provision was construed by the Supreme Court in Winston v. Zoning Board of Appeals of Peoria County, 407 Ill. 588, 95 N.E.2d 864, wherein the Court said:

"The requirement that all adverse parties of record to the administrative proceeding shall be made defendants on review is mandatory and specific and admits of no modification. The act being an innovation and departure from the common law, the procedures it establishes must be pursued in order to justify its application."

194

Appellant contends that the 75 petitioners were not "parties of record" within the meaning of the statute. Under the applicable provisions of the School Code, the 75 residents of the territory sought to be detached, signed the Petition, contributed to the expense of the proceedings before the County Board of School Trustees, and participated in the hearing. Certainly, the residents of the territory who initiated the proceeding had a continuing interest in the review of the County Board's order. Their position is essentially the same as plaintiffs in an ordinary law suit, for they are asking a tribunal to take some action they believe is beneficial; action that would not be taken except upon petition therefor. It is clear, therefore, that the signers of such Petition are parties of record within the accepted meaning of such phrase. No authority for a contrary conclusion has been presented to us. Appellant, however, urges that out of reasons of convenience, the signers of the Petition should be regarded as before the Court by virtue of the equitable doctrine of representation. Without determining whether any of the parties on review served by summons did, in fact, have an exact identity of interest with the residents of the territory, it must be observed that review of an Administrative Agency's decision is a wholly statutory proceeding. The legislature provided no such representative action. It did, however, provide in Paragraph 6 of the Administrative Review Act [Ill. Rev. Stats. 1953, ch. 110, § 269; Jones Ill. Stats. Ann. 104.094(6)], a simplified and less expensive means of service of summons through the use of registered mail. From this it may properly be inferred that the legislature was aware of the inconvenience and expense of making numerous parties defendants on review and thus permitted a simplified method of bringing them before the Circuit Court. Having thus considered the problem of service of summons on necessary parties on review,

and adopted a variation from the usual procedure, the legislature has negatived any such departure from the ordinary rules as that contended for by appellant.

Consequently, it must be concluded that under the statute and in accordance with ordinary legal concepts, the signers of the Petition became parties of record who, under the Administrative Review Act, were necessary parties to review of the County Board of School Trustees' action.

Judgment affirmed.

CULBERTSON and SCHEINEMAN, JJ., concur.