(No. 34210.—

222 EAST CHESTNUT STREET CORPORATION, Appellant, *vs.* THE BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.,* Appellees.

*Opinion filed November 26, 1956—Rehearing denied Jan. 23, 1957.*

JOSEPH F. ELWARD, and EDWARD S. MACIE, of Chicago, for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, of counsel,) for certain appellees, and GOLDBERG, DEVOE & SHADUR, of Chicago, (MILTON I. SHADUR, ABNER J. MIKVA, and SEYMOUR I. REGAL, of counsel,) for appellees La Salle National Bank *et al.*

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

On application of La Salle National Bank, the Chicago zoning board of appeals granted a variation from setback provisions of the zoning ordinance, permitting the bank, as trustee, to erect a proposed apartment building up to the front lot line. The 222 East Chestnut Street Corporation, owner of an existing apartment building situated in the same zoning district, thereafter brought an action in the superior court of Cook County under the Administrative Review Act (Ill. Rev. Stat. 1955, chap. 110, par. 264 *et seq.*) seeking to reverse the decision. The superior court, after hearing questions presented by the record, affirmed the board's decision and dismissed the complaint. Plaintiff appeals directly to this court on the ground that the validity of a statute is involved.

The lot upon which defendant bank desires to build is situated at the southeast corner of East Delaware Place

and North DeWitt Place. It has a frontage of 95 feet west to east on East Delaware, and a depth of 110 feet from north to south on North DeWitt. The ordinance requires a setback of 10 per cent of the depth, or 11 feet in this case. The proposed apartment building is 23 stories in height with an attached garage at the rear having three stories and a basement. A 10-story apartment building on the adjoining lot to the east extends to its front lot line, which is the same line to which defendant bank desires to erect its building. The remaining building in the block is situated at its east end, and is separated from the 10-story building by a vacant lot. This remaining building is, likewise, built to the Delaware street lot line.

The plaintiff, whose apartment building is located about 185 feet southwest of the subject property, appeared at the hearing before the board and objected to the granting of a variance. To reverse the judgment of the superior court plaintiff contends that insufficient notice was given of the application and hearing thereon; that the amendatory act of 1955 (Ill. Rev. Stat. 1955, chap. 24, par. 73—4,) is unconstitutional in several respects; that the decision of the board failed to contain sufficient findings of fact as required by the statute; that the decision of the board is not supported by the record; that the trial court erroneously refused to make findings of fact and to state propositions of law; and that the board erred in finding that the applicant could build to the rear line of the lot.

It is necessary at the outset, however, to consider the question whether the plaintiff has an interest sufficient to entitle it to maintain an action under the Administrative Review Act. The defendants insist that plaintiff is not affected by the decision and has no standing to bring the present action. The plaintiff contends, on the other hand, that any owner in the same zoning district has a right to bring proceedings for review, and that it is unnecessary to show any individual proof of damage. To maintain this

position plaintiff relies on a 1953 amendment to the zoning statute declaring that an action or proceeding to prevent zoning violations may be instituted either by the municipality or by any owner or tenant of real property in the same contiguous zoning district as the building in question. (Ill. Rev. Stat. 1955, chap. 24, par. 73—9.) It is argued that this amendment "evinces a public policy of this State, that without any further showing, the owner of property shall be automatically entitled to bring suit for a zoning violation anywhere in the zoning district where the property is located."

The fact that the zoning statute purports to confer upon qualified owners a right to bring suit for violation does not answer the question presented here, however, which concerns the propriety of granting a variation rather than mere enforcement. We have heretofore held that the right to review a final administrative decision is limited to those parties of record in the proceeding before the administrative agency "whose rights, privileges, or duties are affected by the decision." (*Winston* v. *Zoning Board of Appeals*, 407 Ill. 588.) In that case a variance had been granted for construction of a 40-unit apartment building on certain property classified in a "B" country home district of Peoria County. A complaint, filed under the Administrative Review Act by other property owners who were parties of record before the zoning board, alleged that they owned property in the vicinity of the premises involved and that the value and use of their property were affected by the granting of the variance. In affirming a judgment dismissing the complaint, this court held that to state a cause of action specific facts must be alleged showing that the plaintiffs were injured or damaged by the decision sought to be reviewed.

In the case at bar the complaint alleges that granting the variation would substantially injure plaintiff's property in that its light, air and fire protection would be interfered

with, its "taxable value" would be diminished, and traffic congestion would be increased near and in front of it. The allegations were denied by defendants. In its brief plaintiff fails to show any evidence whatever to support them, nor have we found such support in the record. It sufficiently appears that plaintiff's apartment building is situated in the same zoning district as the subject property, and that its northeast corner is 184.5 feet due west from the southwest corner of the subject property. But it fronts on a different street, and the variation in question permits the proposed building to be erected on the front lot line, or 11 feet farther north from plaintiff's apartment building than the setback line would be. There is nothing in the physical situation of the two properties to justify an inference that plaintiff's building would be damaged by the granting of the variation.

In its argument on the point plaintiff does not contend there is evidence that it would be injured. Indeed, the plaintiff's only witness, its vice-president, testified on cross-examination that the variation would adversely affect plaintiff's building only "because it might be a precedent for other variations in the neighborhood," and that the allowance of this particular variation would not, of itself, have any adverse effect. The sole contention made, with respect to its standing to maintain the action, is that a showing of adverse effect is unnecessary if the two properties are in the same contiguous zoning district. We think such a contention cannot be sustained, and that under our decision in the *Winston case* it was incumbent upon plaintiff to allege and prove it would in fact be adversely affected by the board's decision. This it has failed to do.

In view of such conclusion the constitutional and other contentions made by the plaintiff, although argued extensively, need not be considered. The judgment of the superior court dismissing the action was correct and is hereby affirmed.

*Judgment affirmed.*