(No. 34653.—

222 EAST CHESTNUT STREET CORPORATION, Appellant, *vs.* THE BOARD OF APPEALS OF THE CITY OF CHICAGO *et al.*, Appellees.

*Opinion filed May 21, 1958—Rehearing denied June 18, 1958.*

BRISTOW, J., specially concurring.

JOSEPH F. ELWARD, and EDWARD S. MACIE, both of Chicago, for appellant.

JOHN C. MELANIPHY, Corporation Counsel, of Chicago, (SYDNEY R. DREBIN, of counsel,) for certain appellees, and JACOB SHAMBERG, of Chicago, for appellee 199 Lake Shore Drive, Inc.

Mr. JUSTICE DAILY delivered the opinion of the court:

Based upon a finding of necessity for the public convenience, the Chicago zoning board of appeals granted an application of 199 Lake Shore Drive, Inc., for a special use of certain real property as a parking lot for private passenger automobiles. The property, a vacant lot at the northwest corner of Chestnut Street and DeWitt Place, is situated in an area zoned as an apartment house district, a classification which does not permit use as a parking lot. The 222 East Chestnut Street Corporation, owner of a 19-story apartment building on an adjoining lot, was an objector to the application and thereafter filed a complaint for administrative review in the circuit court of Cook County, wherein it prayed for a reversal of the board's decision. The court, however, affirmed such decision and plaintiff has prosecuted a direct appeal to this court on the ground that the validity of a statute is involved.

Under the circumstances of the case our first consideration must be given to the question of whether the plaintiff

may maintain an action under the Administrative Review Act. (Ill. Rev. Stat. 1957, chap. 110, par. 264 *et seq.*) The law is well settled that the right to review a final administrative decision is limited to those parties to the proceeding before the administrative agency whose rights, privileges or duties are affected by the decision. (*Winston v. Zoning Board of Appeals,* 407 Ill. 588; *Krachock* v. *Dept. of Revenue,* 403 Ill. 148.) In recently applying this principle in zoning litigation to which the present plaintiff was also a party, we held it is incumbent upon the party seeking review to both allege and prove that the board's decision would in fact adversely affect such party. (*222 East Chestnut Street Corp.* v. *Board of Appeals,* 10 Ill.2d 130, and 10 Ill.2d 132.) This is in accord with the majority view which holds that the right to maintain a suit in such cases depends upon whether the zoning inflicts a special or peculiar injury upon the party bringing the suit. See: 37 A.L.R.2d 1143.

The complaint for administrative review clearly alleges that the effect of the board's decision will be to cause injury, damage and depreciation in value to the plaintiff's property, thus the problem of its right to maintain the action resolves itself into a question of whether such allegations find support in the proof.

With regard to physical facts the proof reveals that it is the east side of plaintiff's building which adjoins the proposed parking lot. On this side is a tier of eighteen apartments, each having six rooms, and in each apartment the windows in the kitchen, pantry, dining room, bath room and two bedrooms overlook the lot in controversy. The latter property is a rectangle, 110 x 135 feet, and the owner proposed to surface it with blacktop, to outline stalls for 51 vehicles, to rent such stalls to apartment dwellers in the area, and to control ingress and egress by means of a locked gate for which those using the lot will have keys.

In support of the claim that it would suffer special

injury and damage, the plaintiff introduced the testimony of Edith Wyatt, a tenant occupying an apartment on the east side of its building, and that of Patricia DeBoisen, a resident of still another apartment building that will face the parking lot. Both witnesses testified they "felt" that carbon monoxide fumes from the cars using the lot would be injurious, and the first named witness expressed an opinion that noise, air pollution and dust emanating from the special use would make her apartment less comfortable and less desirable. It was stipulated that seventeen other witnesses, all occupants of apartments on the east side of plaintiff's structure, would give testimony substantially the same as that of Edith Wyatt, *viz.,* that the parking lot was objectionable to them and that it would render their apartments less desirable. To complete its burden of proof, plaintiff asks this court to take judicial notice, first, that the fumes, noise and dust contemplated by the witnesses would in fact cause such injury as to render plaintiff's apartments less desirable and, second, that their effect will extend to a depreciation of the rental and sale value of plaintiff's property. It is our opinion, however, that such elements of special damage are matters of affirmative proof, not judicial notice.

To say that a court will take judicial notice of a fact is merely another way of saying that the usual forms of evidence will be dispensed with if the fact is one of public concern and notoriety which is known generally by all well-informed persons. (See: *Shapleigh* v. *Mier,* 299 U.S. 468, 81 L. ed. 355; 16 Am. Jur., Evidence, sec. 16.) While it is perhaps common knowledge that the operation of motor vehicles is attended by noise and fumes, it is equally well known in this automotive age that such by-products of the automobile become injurious to health and safety only under extreme or unusual conditions. Here there is no proof that the parking lot in question will create fumes, dust or noise in such concentrations as to be injurious or

dangerous, but only an expressed "feeling" of inexpert witnesses that such will be the case. The operation of a great number of motor vehicles and the maintenance of parking lots in inhabited areas, all without injury from resulting fumes and noises, are commonplace features in our daily existence. Considering these factors, together with the meager evidence produced by the plaintiff, we cannot say that special injury in the respect claimed may be assumed, or that proof thereof may be dispensed with, in this case.

Nor do we believe that the testimony of present tenants, to the effect that the parking lot will render their apartments less desirable, permits us to take judicial notice that plaintiff's building will be depreciated in sale and rental value. None of the witnesses testified they would move from the premises, or demand lower rentals, and even if they should, it does not follow that the value of plaintiff's property will be adversely affected. In the complete absence of affirmative proof it is just as reasonable to assume that less sensitive apartment seekers, perhaps attracted by the convenient off-street parking to be afforded by the lot, would find plaintiff's apartments to be completely desirable at the same rental prices. Apart from this we find the well-defined rule to be that courts will not take judicial notice of the value of specific realty and improvements, inasmuch as innumerable factors affect their value. (See: 20 Am. Jur., Evidence, sec. 121; 31 C.J.S., Evidence, sec. 101; 18 I.L.P., Evidence, sec. 5; *O'Connell* v. *California Avenue Bldg. Corp.,* 329 Ill. App. 327.) Here there is a complete absence of proof relating to the value of plaintiff's property and of the effect the parking lot will have on such values. It is true, as plaintiff suggests, that the proximity of certain uses will depreciate the rental value of nearby property, but we have found no authority holding that a mere showing of the existence of such use relieves a party from affirmatively proving alleged damage to his property. We conclude, therefore, that we may not take judicial

notice of the matters prayed and that there is a complete failure of the proof to support the allegations of special injury made in the plaintiff's complaint.

In a further effort to show that damage to its property must be inferred, plaintiff has sought to apply decisions and ordinances concerning the regulations of garages, and recent zoning legislation relating to the notice to be given by applicants for zoning variations. We do not find, however, that any of such authorities have application under the facts and regulations which control this case.

It is our opinion that the proof fails to show that plaintiff is a party whose rights, privileges or duties were adversely affected by the administrative decision sought to be reviewed. Accordingly, the judgment below is affirmed.

*Judgment affirmed.*

Mr. JUSTICE BRISTOW, specially concurring:

Although I concur in the ultimate result reached by the majority of the court in affirming the judgment below, I cannot concur in the view taken by the majority that plaintiff failed to prove damages to give him standing as a proper party plaintiff.

The holdings of this court in 222 East Chestnut Street Corp. v. Board of Appeals, 10 Ill.2d 130, and 10 Ill.2d 132, merely require a party seeking review to both allege and prove that the decision would adversely affect such party in a special manner peculiar to such party and different in degree than that suffered by the public in general. Nowhere do such cases require an allegation and proof of pecuniary damage in a positive dollar-and-cents amount.

The direct testimony of plaintiff's witnesses as set forth in the majority opinion, and the defense stipulation that seventeen other witnesses would testify to the same effect, provides ample basis to establish special damage to plaintiff peculiar to it and different from that suffered by the general public. The degree of damage required to be

shown in such cases as this is comparable to that required in injunction suits against a public nuisance (*Hoyt* v. *McLaughlin,* 250 Ill. 442; *Dunne* v. *County of Rock Island,* 283 Ill. 628; *Espenscheid* v. *Bauer,* 235 Ill. 172), and is in no way comparable to the proof required in suits *in personam* for monetary damages.

There is a rank difference in the facts found in the cases relied upon by the majority and those appearing in this record. To find any similarity, one's mental plow must be clear out of focus.

Mr. Justice Schaefer is also of the opinion that there was a sufficient showing of special damages to call for a decision on the merits.