Maurice J. Rosenfeld, et. al., Plaintiffs-Appellants, v. Zoning Board of Appeals of City of Chicago, Samuel T. Lawson, et al., Constituting the Zoning Board of Appeals of the City of Chicago, a Municipal Corporation, and Samuel H. Silver, Defendants-Appellees.

### Gen. No. 47,440.

First District, Second Division.

November 6, 1958.

Released for publication December 16, 1958.

Stiefel, Greenberg, Burns & Baldridge, of Chicago, for M. J. Rosenfeld, et al., plaintiffs-appellants.

John C. Melaniphy, Corporation Counsel of City of Chicago (Sydney R. Drebin, Assistant Corporation Counsel, Robert J. Collins, Special Assistant Corporation Counsel, of counsel) for certain defendants-appellees, Deutsch & Peskin, of Chicago, for Samuel H. Silver, a defendant-appellee.

JUSTICE KILEY delivered the opinion of the court.

This is an action under the Administrative Review Act to reverse a decision by the defendant Zoning Board of Appeals. The trial court affirmed the Board's decision and dismissed two counts seeking equitable relief from the decision of the Board, should plaintiffs be found to have insufficient interest to have the decision of the Board reviewed. Plaintiffs have appealed.

This controversy is about a "special use" permit granted the owner of real estate to operate a parking lot in a district zoned for apartment use. The property is at 5418–28 Hyde Park Boulevard. All plaintiffs own property in the same block and one owns an apartment building at 5412, adjoining the subject property.

The owner bought the property in 1955 from a religious congregation which had, in 1953, been issued a "special use" permit for a private parking lot for use by members of the congregation. His application in 1955 for a "special use" as a parking lot for commercial purposes was denied by the Board. In 1957 he made a second application for the instant "special use" as a "private" parking lot "for tenants and owners in

the vicinity." This was denied by the Commissioner of Buildings and the owner appealed from the Commissioner's decision to the Board. The "special use" was granted.

The Board had found that the proposed use at this location is "necessary for public convenience." The judgment order appealed from dismissed the equity counts "for want of equity at plaintiffs' costs" and "approved and confirmed" the findings of the Board. The question is whether the court properly sustained the Board's finding and order.

■ The "special use" power delegated to the Board of Appeals is to be applied in cases of necessity "for public convenience"; and a "parking lot" is an authorized "special use" by section 24 of the City Zoning Law. It differs from a "variance" in that a "special use" is a permission by the Board to an owner to use his property in a manner contrary to the ordinance provided that the intended use is one of those specifically listed in the ordinance and provided that the public convenience will be served by the use, while a variance is a grant of relief to an owner from the literal requirements of the ordinance where literal enforcement would cause him undue hardship. Yokley, Zoning Law and Practice, sec. 134.

The city challenges the interest of the plaintiffs on the basis of Moran v. Zoning Board of Appeals of City of Chicago, 17 Ill.App.2d 280, a "special use" case, which in turn rests upon 222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 10 Ill.2d 132, a "variation" case, which in turn rests upon Winston v. Zoning Board of Appeals of Peoria County, 407 Ill. 588, a "variation" case. In both the Moran and 222 East Chestnut Street Corp. cases the defendants answered and hearings were had. In the instant case no opportunity was given the trial court to rule on the

question of the plaintiffs' interest nor was an opportu-. nity given plaintiffs to amend in the event of an adverse ruling. These cases therefore do not properly rest, so far as the complaint is concerned, upon the Winston case in which the trial judge allowed the defendants' motion to dismiss and the plaintiffs stood by their complaint. One of the grounds of that motion to dismiss was the failure to include as defendants five persons who were parties to the proceeding before the Board of Appeals.

█  Plaintiffs, however, must plead (Winston v. Zoning Board of Appeals of Peoria County, 407 Ill. 588) and prove (Moran v. Zoning Board of Appeals of City of Chicago, 17 Ill.App.2d 280; 222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 10 Ill.2d 132; 222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 14 Ill.2d 190) their interest in maintaining this action. We think defendants have waived this objection to the complaint by not raising the question of plaintiffs' interest at the trial. Anson v. Haywood, 397 Ill. 370, 380. They have not waived the point as to the proof.

█  Plaintiffs, to maintain this Administrative Review suit, had the burden of proving that they were parties in the administrative hearing whose rights were adversely affected (222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 14 Ill.2d 190), that they have been or will be injured by the Board's ruling (222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 10 Ill.2d 132), and that the findings and decision of the Board were against the manifest weight of the evidence (Moran v. Zoning Board of Appeals of City of Chicago, 17 Ill.App.2d 280). They were notified of the hearing by the Board and appeared as parties interested in having the application denied. There remained to be

451

shown that their rights were adversely affected by the injury due to the Board's action.

■ ■ The proof of their injury was to be made by producing testimony relating to the value of plaintiffs' property and the effect the parking lot will have on such values (222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 14 Ill.2d 190). We think that the record shows that this proof was not made. However the record also shows that the fact that it was not made may not have been the fault of the plaintiffs. The Board refused to hear plaintiffs' expert witness on the effect of the "special use" upon the plaintiffs' property on the ground that "We remember him." This we think was highly prejudicial because this vital factor was made to rest on the memory of the Board and because the 1955 testimony is not in the record. Furthermore such testimony as to real estate values cannot be judicially noticed (222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 14 Ill.2d 190).

■ ■ We think the Board of Appeals hearing in this case was not a fair hearing. The record discloses that the proceeding opened with the Board stating "We know all about this lot." The taking of the testimony at the Board hearing was much too informal, even for an administrative hearing, and we think, too, it is improper for Board members to give consideration to such factors as their own unsworn, untested statements of what they observed at the property, and to base a permit for a "special use" on hearsay more than once removed.

■ We agree with plaintiffs that if the Board must make findings of fact specifying the reasons for granting a variation, Chap. 24, sec. 73—4(g) Ill. Rev. Stat. (1955), it ought to make findings of fact as a basis for granting a "special use." It is true neither

452

the statute nor the ordinance requires this, but fairness and orderly review procedure does. We think that the proof required in 222 East Chestnut Street Corp. v. Board of Appeals of City of Chicago, 14 Ill.2d 190, presupposes that the Board of Appeals should make findings as to this proof so that, it, in the first instance, the court of administrative review in the second instance, and appellate courts, finally, can decide whether plaintiffs have the requisite interest to maintain the suit.

■ The test of the Board's approval under sec. 24 of the City Zoning Law (1942 as amended) is whether the parking lot was "necessary" at the location for "public convenience and necessity." Illinois Bell Telephone Co. v. Fox, 402 Ill. 617, 629. This does not mean, according to that decision, an *absolute* necessity with respect to location.

This record discloses little to support a finding of the necessity for a "private parking lot not to be opened to the general public, but for the exclusive use of the owners of the buildings and the tenants of the buildings in the immediate area or the parking of cars on a monthly basis." It seems conceded that engineering and investment studies disclosed that, in the area of the subject property, the alderman's proposal for three public parking lots had been reduced to one lot. The testimony was that if the demand "shows up big enough they will take three lots instead of one." The rest of the testimony as to need is vague and consists merely of hearsay and is controverted.

We think the decision of the Zoning Board of Appeals was unjust as based upon an unfair hearing and that the trial court was in error in "approving and confirming" the finding and order of the Board. The judgment is reversed and remanded with directions to grant plaintiffs a new hearing at which the excluded

453

testimony shall be considered and the requisite findings shall be made.

Reversed and remanded with directions.

LEWE and MURPHY, JJ., concur.