James P. Stirniman and Richard Lee, Appellants, v. County Board of School Trustees of Will County, Illinois, et al., Appellees.

Gen. No. 11,336.

Second District, Second Division.

June 13, 1960.

Cirricione and Penn, of Joliet, for appellant.

Frank H. Masters, Jr., State's Attorney, and McKeown and McKeown, of Joliet, for appellee.

SOLFISBURG, P. J.

This is an appeal from a judgment of the Circuit Court of Will County, Illinois, dismissing an action brought under the Administrative Review Act (Ch. 110, § 264, et seq., Ill. Rev. Stats.) which sought to reverse an order of the County Board of School Trustees of Will County dismissing a petition for detachment and annexation filed pursuant to Ch. 122, § 4B–4, Ill. Rev. Stats.

The amended complaint of the plaintiffs-appellants, James P. Stirniman and Richard Lee, alleged that on March 2, 1959, an administrative decision was rendered in the matter of the petition to detach territory from School District No. 204 (operating grades 9 to 14), Will County, Illinois, and annex the same to School District No. 111 (operating grades 9 to 12), Will County, Grundy County, and Kendall County, Illinois; that said petition was filed with the ex officio secretary of the County Board of School Trustees of Will County on January 22, 1959; that after due notice of the filing of said petition, hearing thereon was set for 8:00 p. m., February 23, 1959; that said meeting was adjourned and continued by the administrative agency to March 2, 1959, for the purpose of determining the sufficiency of a document containing withdrawals of signatures

246

from the original petition; that prior to the hearing on March 2, 1959, an instrument was filed with the County Board requesting reinstatement by the two petitioners who had previously withdrawn and seeking reinstatement on said petition as if no withdrawal had ever been sought; that on March 2, 1959, the County Board pursuant to its order of continuance to determine the sufficiency of the petition and the instrument of withdrawal made a determination that there were eight legal voters residing in the territory involved in the petition, that the original petition contained the signatures of six residents but that the withdrawal petition of two signers left the petition with only four legal residents, being less than the necessary two-thirds, and that the Board therefore declared the petition legally insufficient; that the Board failed to consider in its determination the subsequent petition for reinstatement of the two persons who had previously withdrawn, which reinstatement made the original petition sufficient. The amended complaint also alleged that the two plaintiffs were residents of School District No. 111 and of Will County Elementary School District, Channahon, Illinois, both of which districts would be affected by said petition; that "said plaintiffs were at all times hereinafter mentioned and still are proponents of said petition and as said proponents, personally circulated said petition procuring the signatures appearing thereon and personally appeared, in person and by counsel, before the Will County Board of School Trustees on February 23, 1959, and all other times and places mentioned in this Complaint"; and that the conduct of the County Board "has greatly damaged the plaintiffs, individually and as members of the Board of Education of Will County Elementary School District No. 17." The complaint prayed that the transcript of the entire record of proceedings before the

247

Board be reviewed and that the Board's decision be reversed.

The defendant, Joliet Township High School District No. 204, filed a Motion to Dismiss the amended complaint and plaintiffs' application for judicial review and as grounds therefor set forth four points: first, neither James P. Stirniman nor Richard Lee, the only parties plaintiff, is qualified to apply for review, not having appeared at the hearing before the County Board nor constituting any Board of Education of any district affected by the decision in question; secondly, plaintiffs failed to join as parties defendant various named parties of record to said proceedings who are necessary parties under the Administrative Review Act; thirdly, the record fails to show that the petition for detachment and annexation was filed by the required two-thirds (⅔) of the legal voters residing in the territory described in the petition even if the County Board had permitted the withdrawing signers of the petition to reinstate themselves as petitioners; and, fourthly, the complaint failed to state a cause of action in that it failed to show that plaintiffs were injured or damaged by the decision complained of.

The Circuit Court granted the motion of defendant District No. 204 to dismiss the complaint and action, finding that at the time of the commencement of the hearing the petition for detachment and annexation lacked the signatures of the necessary two-thirds (⅔) of the legal voters residing in the territory described therein as required by statute and being insufficient, the County Board had no jurisdiction to entertain the petition.

■ Under the circumstances of the case our first consideration must be given to the question of whether the plaintiffs may maintain an action under the Administrative Review Act (Ch. 110, § 264, et seq., Ill. Rev. Stats.). In its motion to dismiss the complaint

248

and the action, District No. 204 questioned plaintiffs' right so to do. It is well settled law that the right to review a final administrative decision is limited and circumscribed by the statute or statutes authorizing such review (Krachock v. Department of Revenue, 403 Ill. 148, 85 N.E.2d 682, Wauconda Tp. High School Dist. No. 118 in Lake and McHenry Counties, Ill. v. County Board of School Trustees of McHenry County, 7 Ill.App.2d 65, 129 N.E.2d 177).

Section 4B–5, Chapter 122, Ill. Rev. Stats. provides in its opening sentence: "The decision of the County Board of School Trustees shall be deemed an 'administrative decision' as defined in Section 1 of the 'Administrative Review Act' and *any resident who appears at the hearing or any petitioner or board of education of any district affected* may within ten days after a copy of the decision sought to be reviewed was served by registered mail upon the party affected thereby apply for a review of such decision in accordance with the 'Administrative Review Act', and all amendments and modifications thereof and the rules adopted pursuant thereto." (Emphasis supplied.)

Section 265, Chapter 110, Ill. Rev. Stats., which is the second section of the Administrative Review Act, provides in pertinent part: "This Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of this Act. In all such cases, any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not be employed after the effective date hereof. Unless review is sought of an administrative decision within the time and in the manner herein provided, *the parties to the proceeding before the administrative agency* shall be

249

barred from obtaining judicial review of such administrative decision." (Emphasis supplied.)

Section 271, Chapter 110, Ill. Rev. Stats., of the same Act reads: "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were *parties of record to the proceedings before the administrative agency* shall be made defendants." (Emphasis supplied.)

Section 264, Chapter 110, Ill. Rev. Stats., of the same Act defines "administrative decision" in this language: " 'Administrative decision' or 'decision' means any decision, order or determination of any administrative agency rendered in a particular case, which affects the legal rights, duties or privileges of *parties* and which terminates the proceedings before the administrative agency." (Emphasis supplied.)

██ ██ From the cited portions of the School Code and the Administrative Review Act, and particularly Section 4B-5 of the School Code (Ch. 122, Ill. Rev. Stats.), it is clear that those entitled to seek a judicial review of the decision of the county board of trustees are limited to "any resident who appears at the hearing or any petitioner or Board of Education of any district affected." After a careful reading of these statutory provisions and the case law relating thereto, we are of the opinion that in the case of a resident of an affected school district who seeks administrative review but is not a petitioner, he must be a "party of record to the proceeding" at which the administrative hearing took place. He must be a party of record either in person or by counsel. The logic behind this simple requirement is plain; if the decisions of administrative tribunals are to be subjected to court review at the instance of affected residents they should be only on the application of one or more affected residents who have, without question, appeared at the

250

hearing before the agency and been sufficiently concerned to be a party of record thereto. Furthermore, the requirement that this appearance must be of record is reasonably necessary when it is considered that judicial review under the Administrative Review Act is a review of the record and findings made by the agency and not a de novo review (Ch. 110, §§ 272, 274, 275, Ill. Rev. Stats.).

■ It is undisputed that neither plaintiff-appellant were petitioners and neither severally nor together constituted any Board of Education of an affected school district. Therefore, the only possible basis for these persons to seek administrative review would be as residents who appeared at the hearing before the board. A search of the record fails to disclose that either Mr. Stirniman or Mr. Lee appeared in person or by attorney at the hearing. Plaintiffs' attorney in this court is the only attorney who appeared before the county board in support of the petition. At the beginning of the first hearing plaintiffs' attorney here stated he was appearing on behalf of the petitioners, without naming them, and on the later hearing he stated for the record that he represented the "proponents" rather than the petitioners and that some of the proponents were petitioners. Counsel did not identify the proponents. Upon the record here there is no basis to assume that this attorney appeared on behalf of the plaintiffs-appellants. It is true that plaintiffs appear to have circulated the petitions in question, but this does not bring them within the statutory requirements and therefore does not aid them. Not having become parties of record herein until they filed their complaint for administrative review, plaintiffs were not entitled to seek such review.

■ In addition, it is virtually conceded by plaintiffs that they failed to join as defendants certain parties of record to the proceedings before the ad-

251

ministrative agency, as required by Section 271, Chapter 110, Ill. Rev. Stats. This requirement is mandatory and specific and admits of no modification, Winston v. Zoning Board of Appeals, 407 Ill. 588, 595, 95 N.E. 2d 864, Babington v. County Board of School Trustees of Franklin County, Ill., 7 Ill.App.2d 193, 129 N.E.2d 291. This omission of necessary parties was one of the grounds for dismissal set forth in the Motion to Dismiss of District No. 204, but plaintiffs did not choose to amend their complaint in that regard. The amended complaint was therefore fatally defective in this second respect.

Additional grounds for dismissal are urged, but since the judgment dismissing the action must be sustained for the jurisdictional reasons stated, it becomes unnecessary to consider the additional questions raised.

The judgment of the Circuit Court of Will County, Illinois, is therefore affirmed.

Affirmed.

WRIGHT and CROW, JJ., concur.