O'HARE INTERNATIONAL BANK, Trustee, Trust No. 529, *et al.*, Plaintiffs-Appellees, *v.* ZONING BOARD OF APPEALS, CITY OF PARK RIDGE *et al.*, Defendants-Appellants.

(No. 55067;

First District—November 2, 1972.

*Rehearing denied January 9, 1973.*

Albert A. Klest, of Park Ridge, for appellants.

Robert R. Napoleon, of Chicago, for appellees.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiffs are the owners of the legal title and beneficial interests in four contiguous lots, each with 25 feet of street frontage, situated in the City of Park Ridge. A single-family residence occupies the two middle lots; the two side lots are vacant. The pertinent provisions of the Park Ridge zoning ordinance provide for a minimum frontage of 50 feet, a minimum square footage area, and a minimum side yard requirement for each dwelling. The plaintiffs desired to build a single-family residence on each of the substandard side lots and requested building permits from the City's building commissioner. The permits were denied and they appealed to the Zoning Board of Appeals which also denied their request. Thereafter, they filed a complaint for administrative review in the Circuit Court of Cook County where a judgment was entered reversing the decision of the zoning board and directing it to issue the permits.

■■ In appealing from the judgment the defendants present five points

but only one will be considered for it is dispositive of the appeal. A public hearing was held by the zoning board and several nearby residents testified in opposition to the plaintiffs' request. Adjacent property owners who were personally notified of the hearing and other concerned citizens who responded to a notice published in a Park Ridge newspaper appeared and became parties of record in the proceedings. The plaintiffs in their complaint for administrative review did not name all the parties of record as defendants; only the City of Park Ridge and the Zoning Board of Appeals were so designated.

The Administrative Review Act (Ill. Rev. Stat. 1967, ch. 110, par. 264, *et seq.*), provides:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." Ill. Rev. Stat. 1967, ch. 110, par. 271.

In *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864, a complaint for administrative review was held to be fatally defective because of the failure to include as defendants five persons who were parties of record to the zoning board proceedings. In construing paragraph 271, the court stated:

> "The requirement that all adverse parties of record to the administrative proceeding shall be made defendant on review is mandatory and specific and admits of no modification."

See also, *Stirniman v. County Board of School Trustees* (1960), 26 Ill.App.2d 245, 167 N.E.2d 829, and *Babington v. County Board of School Trustees* (1955), 7 Ill.App.2d 193, 129 N.E.2d 291.

The plaintiffs attempt to avoid the mandate of the statute and the impact of *Winston* by arguing that it is only necessary to name as defendants those persons who have suffered a special injury or aggrievement, or have had some right, duty or privilege affected by an administrative decision; that the zoning board's decision had no adverse effect upon the unnamed defendants, and further, they are precluded from protesting the failure to name them as defendants because this objection was not raised in the trial court.

■■■ An inspection of the cases cited by the plaintiffs in support of their principal argument discloses that they pertain to the qualifications of a party who seeks to appeal from an administrative decision, not the qualifications of those who must be made defendants to the appeal. The right to review a final administrative decision is limited to parties of record to the proceeding before the administrative agency whose rights, privileges or duties are affected by the decision. (*222 East Chestnut*

*Street Corp. v. Board of Appeals* (1958), 14 Ill.2d 190, 152 N.E.2d 465; *Winston v. Zoning Board of Appeals, supra.*) Thus a person seeking a review has the burden of alleging and proving that he has the right to maintain the suit by reason of his standing as a party and because his rights are adversely affected or will be injured by the agency's ruling. See, 222 *East Chestnut Street Corporation v. Board of Appeals* (1956), 10 Ill.2d 132, 139 N.E.2d 218 and 10 Ill.2d 130, 139 N.E.2d 221 (1956); *Rosenfeld v. Zoning Board of Appeals* (1958), 19 Ill.App.2d 447, 154 N.E.2d 323.

Contrariwise, the issue at hand does not involve the standing of the parties seeking judicial review—it concerns the status of the persons required to be named as defendants. The Park Ridge residents who made personal or representative appearances at the zoning board hearing lived in the immediate vicinity of the plaintiffs' property. They were more than disinterested witnesses; they actively maintained a position opposed to the plantiffs'. Their interest in the outcome of the hearing was substantial. They did not seek administrative review of the board's decision because the decision was favorable to them. Their interest became jeopardized a second time when the plaintiffs challenged the decision in the circuit court; yet they were neither notified of the suit nor made defendants. They were thus deprived of the opportunity of protecting their interest—the monetary value of their homes and the aesthetic level of their neighborhood—in court.

■■■ The plaintiffs' complaint for administrative review was fatally defective because it did not name all parties of record as defendants. The requirement of paragraph 271, chapter 110, Ill. Rev. Stat. 1967, is both mandatory and jurisdictional; it was not waived by the defendants' failure to raise this objection in the trial court.

The judgment is reversed.

Judgment reversed.

McGLOON, P. J., and McNAMARA, J., concur.