STAFFORD E. LOCKETT, Plaintiff-Appellant, v. CHICAGO POLICE
BOARD *et al.*, Defendants-Appellees.

First District (4th Division)   No. 87—2129

Opinion filed November 3, 1988.—Rehearing denied December 29, 1988.

Dianne Ruthman, of James W. Reilley & Associates, of Des Plaines, for
appellant.

Judson H. Miner, Corporation Counsel, of Chicago (Ruth M. Moscovitch,
Assistant Corporation Counsel, of counsel), for appellees.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Stafford E. Lockett, appeals from an order of the circuit
court of Cook County that dismissed his complaint, without leave to
amend, for administrative review. Plaintiff sought review from the
decision of defendants, the Chicago Police Board (hereinafter the
Board) and its members, to terminate his employment with the Chi-
cago police department. The complaint was dismissed because plaintiff
failed to name the superintendent of the Chicago police department as
a party defendant in his complaint for administrative review and to

serve the superintendent with summons within 35 days of the date of the Board's decision. Plaintiff contends that the court erred in granting defendants' motion to dismiss.

We reverse.

The record reflects that on November 6, 1985, Fred Rice, the superintendent of the Chicago police department, filed charges with the Board against plaintiff, alleging violations of various departmental rules. Following an evidentiary hearing, the Board, on September 29, 1986, entered a decision finding that the charges brought by the superintendent were supported by the evidence presented at the hearing and ordering plaintiff to be discharged from his position as a police officer with the City of Chicago. On October 30, 1986, plaintiff filed his complaint for administrative review and named the Board and its members, but not the superintendent, as defendants. Summons was issued and served on the named defendants.

On November 25, 1986, defendants moved to strike and dismiss plaintiff's complaint, alleging that he had failed to name and serve a necessary party to the action, the superintendent. In his response filed on December 23, 1986, plaintiff maintained that the superintendent was not a necessary party to the administrative review action and that, in the alternative, he should be allowed to amend his complaint to name the superintendent as a defendant. Defendants filed objections to plaintiff's request to name the superintendent as a party defendant, arguing that the motion was untimely.

In an order entered on June 3, 1987, the circuit court granted defendants' motion to dismiss plaintiff's complaint without leave to amend, finding that the failure to add the superintendent of police as a party defendant was a fatal defect. It is from this order that plaintiff appeals.

The issue presented for review is whether plaintiff's complaint for administrative review of the Board's decision was fatally defective for failure to join as a party defendant the superintendent of police. In our judgment, it was not.

■ Section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—103) provides in part that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." The filing of the complaint for administrative review within the time period specified is a jurisdictional requirement, and judicial review of the administrative decision is barred if the complaint is not filed within the time specified. *Fredman*

*Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 211, 486 N.E.2d 893.

■ Defendants concede that plaintiff filed his complaint for administrative review within the 35 days specified by law. Defendants, however, argue that the complaint was fatally defective because plaintiff failed to name the superintendent of the Chicago police department as a party defendant and to serve him with summons within 35 days of service of the Board's decision. We disagree.

Section 3—107 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—107) provides that "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." This requirement is mandatory and specific and admits of no modification. *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864; *Stirniman v. County Board of School Trustees* (1960), 26 Ill. App. 2d 245, 167 N.E.2d 829.

Defendants contend that plaintiff did not meet this requirement by failing to name as defendant the superintendent of police, who filed the charges against him. The identical argument was rejected in *Schoenbeck v. Board of Fire & Police Commissioners* (1979), 69 Ill. App. 3d 366, 387 N.E.2d 738:

"We also find that [plaintiff's] failure to name Albert Berry, the chief of police, as a defendant did not render the plaintiff's complaint fatally defective. Although the chief of police brought the charges against [plaintiff] before the Board, he had no personal interest in the outcome of the matter. His professional interest as head of the police department in the review of the Board's decision was identical to the interest of the Board of Fire and Police Commissioners, his employer." (69 Ill. App. 3d at 372.)

The court held that in an action for administrative review to review a policeman's discharge, the Board is the proper defendant. *Schoenbeck*, 69 Ill. App. 3d at 372.

Defendants have not cited and we are not aware of any case which holds that in an administrative review of a decision to discharge or otherwise discipline a police officer, the person filing the charges must be named as a party defendant under the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). The Board's decision is being reviewed and not the decision of the person filing the charges, whose interest is the same as that of the Board. In light of this determination, we need not decide whether the circuit court erred in denying plaintiff's motion to amend his com-

plaint to include Superintendent Rice as a party defendant.

For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's complaint for administrative review of the Board's decision terminating his employment with the Chicago police department is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

JIGANTI, P.J., and LINN, J., concur.